### 980.  CLEMENTS *v.* THE STATE.

The verdict is without evidence to support it.

Indictment for burglary, from Sumter superior court—Judge Littlejohn.  December 23, 1907.

Argued March 10,—Decided April 22, 1908.

*Blalock & Cobb,* for plaintiff in error.

*F. A. Hooper, solicitor-general, Zach Childers,* contra.

HILL, C. J.  Will Clements was convicted of the crime of burglary, on an indictment charging that he "did unlawfully and with force and arms the dwelling-house of Mrs. Fannie Furlow break and enter, with intent to commit a larceny." His motion for a new trial being overruled, he brings the case to this court. The evidence may be substantially stated as follows: Mr. and Mrs. Porter boarded with Mrs. Furlow, and on the day named in the indictment Mrs. Furlow had gone out of her house to take a drive, leaving Mrs. Porter inside. Before she left she closed the doors and windows, but did not lock the front door. Subsequently, and before the return of Mrs. Furlow, Mr. Porter came to the house, and he and his wife were in their room up-stairs. Between four and five o'clock in the afternoon, the defendant opened the door of the room occupied by Mr. and Mrs. Porter, and, seeing them inside, immediately shut the door and ran, and was pursued by Mr. Porter, but was not then caught. A day or two after the defendant had been seen in the house, he was arrested, and was identified by Mr. and Mrs. Porter as the negro who opened the door of their room and ran from the house. His identity was also clearly established by two other witnesses, of his own race, who knew him and saw him run from the house. The defendant acknowledged having been in the house, stating that he went there "to hunt a job."

We think that the verdict in this case is without evidence to sup-

port it, and should be set aside. The corpus delicti is not satisfactorily shown, either by the evidence considered alone, or by the evidence in connection with the statement of the defendant as to the fact of his presence in the house and the purpose for which he entered. It should be clearly established by the evidence alone. The circumstances indicating a breaking are quite weak, and there is no evidence whatever as to the specific intent in breaking and entering the house, charged in the indictment. The conduct of the defendant when discovered in the house arouses suspicion that his intent in so entering was unlawful, but a bare suspicion is not sufficient to establish a fact. And even if it be conceded that his conduct was suspicious and indicated some unlawful purpose in entering the house, it certainly was not sufficient to show that this unlawful purpose was that charged in the indictment, to wit, to commit the offense of larceny. The statement of the defendant as to his purpose in entering the house was probably false, and evidently was not believed by the jury; but a falsehood, while the subterfuge of a criminal, is not alone satisfactory proof of crime.

*Judgment reversed.*