### 9169.  BRANNON *v.* THE STATE.

1. "The evidence is overwhelming that the defendant is guilty; and where such is the case, even errors in the admission or rejection of testimony, or in the charge of the court, will not operate so as to require a new trial."

(a) "To authorize the granting of a new trial where evidence is adduced which fully warrants the verdict rendered, not only error but injury must be shown."

2. The court properly reformed the sentence.  "Where a verdict of guilty is rendered on a number of counts, a sentence which does not exceed that which may legally be imposed on any one count is supported by the indictment, if any count is good."

DECIDED NOVEMBER 16, 1917.

Indictment for uttering forged note; from Chatham superior court—Judge Meldrim.  August 23, 1917.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

BLOODWORTH, J.  1.  L. G. Brannon was cashier of the Farmers & Merchants Bank of Georgetown, Georgia.  This bank owed the Citizens & Southern Bank of Savannah, Ga., a note for $5000. In renewal the accused executed a new note for $5000, payable "to the order of the Citizens & Southern Bank at its banking house in Savannah, Ga.," signing the note "Farmers & Merchants Bank by L. G. Brannon, Cashier," and indorsed thereon the names of A. T. King, T. W. Oliver, W. E. Gay, R. A. J. Boyett, and D. M. Davidson, who were directors of the bank of which the accused was cashier.  The note so executed and indorsed was sent to the Citizens & Southern Bank and by it accepted in renewal of the former note.  After the maturity of the note last executed the president of the Savannah bank went to Georgetown to look after its collection, and found that at least a portion of the collateral given to secure the note to his bank, which collateral had been sent for collection to the bank at Georgetown of which Brannon was cashier, had been sent to a bank in New York to secure a note given to the bank there by the Georgetown bank.  He then de-

manded settlement of the past-due note to the Citizens & Southern Bank, and it was secured by mortgage and finally paid. The Farmers & Merchants Bank failed. The grand jury of Chatham County indicted L. G. Brannon for uttering said note, "knowing the indorsements aforesaid on said promissory notes to have been unlawfully, falsely, and fraudulently made and forged." Upon the trial it was shown that the accused had sent the note to the Citizens & Southern Bank, that the indorsements thereon were forgeries, and that the accused admitted making the indorsements. Indeed in his statement to the jury he admitted that he signed the names of the directors on the back of the note, but claimed that he intended to notify them, and that what he did was without any intent to defraud. The real issue under the indictment was that of intent. The jury returned a verdict of guilty, with a recommendation that the punishment be as for a misdemeanor. The motion for a new trial contains a number of allegations of error; but if any errors were committed during the progress of the trial, they were not so material as to cause the jury to return an unwarranted verdict. Indeed, under our view of the case, the jury could not have found any other verdict than that of guilty had the case been submitted to them after a faultless trial. "The evidence is overwhelming that the defendant is guilty; and where such is the case, even errors in the admission or rejection of testimony, or in the charge of the court, will not operate so as to require a new trial." *Hagar* v. *State*, 71 Ga. 164 (3a), 167; *Norton* v. *State*, 137 Ga. 845 (74 S. E. 759); *Nalley* v. *McManus*, 135 Ga. 713 (3), 714 (70 S. E. 255); *Watson* v. *Southern Railway Co.*, 132 Ga. 552 (64 S. E. 549); *Gibson* v. *Wilson*, 130 Ga. 243 (3) (60 S. E. 565); *Kelly & Jones Co.* v. *Moore*, 128 Ga. 683 (4) (58 S. E. 181); *Bone* v. *State*, 86 Ga. 108 (4) (12 S. E. 205); *Beck* v. *State*, 57 Ga. 351 (2); *Rowe* v. *Ware*, 30 Ga. 278 (3); *Bird* v. *State*, 14 Ga. 43 (4); *Murphy* v. *Justices*, 11 Ga. 331 (2); *Stephens* v. *Crawford*, 1 Ga. 574 (44 Am. D. 680); *Gordon* v. *Cobb*, 4 Ga. App. 49 (4) (60 S. E. 821); *Abbeville Trading Co.* v. *Butler*, 3 Ga. App. 138 (3) (50 S. E. 450). "To authorize the granting of a new trial where evidence is adduced which fully warrants the verdict rendered, not only error but injury must be shown." *Taylor* v. *State*, 5 Ga. App. 237 (62 S. E. 1048); *Walker* v. *Riley*, 6 Ga. App. 519 (3) (65 S. E. 301).

2.   We think the verdict of guilty on each count of the indictment can be construed as a general verdict of guilty; and the reforming of the sentence, so as to impose a single fine and limiting the imprisonment in the county jail of Chatham county to six months, cures the alleged errors in reference to this matter. "Where a verdict of guilty is rendered on a number of counts, a sentence which does not exceed that which may legally be imposed on any one count is supported by the indictment, if any count is good." Peters *v.* U. S. 94 Fed. 128 (7) (36 C. C. A. 105).

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*