## 15138. CONEY *v.* THE STATE.

LUKE, J. 1. "The conviction depending wholly upon circumstantial evidence, it was reversible error for the court to fail to instruct the jury as to the law of circumstantial evidence, though not requested to charge thereon." *Butler* v. *State*, 17 *Ga. App.* 769 (88 S. E. 593).

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

DECIDED JANUARY 17, 1924.

Accusation of possessing liquor, etc.; from city court of Dublin —Judge Sturgis. October 15, 1923.

*W. A. Dampier,* for plaintiff in error.

*William Brunson, solicitor,* contra.

BROYLES, C. J., dissenting. Under the ruling in *Carter* v. *State*, 21 *Ga. App.* 493 (1, 2) (94 S. E. 630), where one is tried for knowingly allowing apparatus for the distilling of intoxicating liquors to be located upon his premises, and the evidence shows that such apparatus was found upon his premises and that the premises were in the defendant's actual possession, such evidence, by the express terms of the statute (Act 1917, Ex. Sess., p. 18), is prima facie evidence that the accused had knowledge of the fact that the apparatus was located upon his premises; and in such a case the failure of the court to charge upon the law of circumstantial evidence is not error.

In the case at bar, while the defendant was convicted under two counts (possessing liquor, and knowingly allowing apparatus for the distilling of intoxicating liquors to be located upon his premises), he was only given one sentence, which did not exceed the punishment that could have been legally imposed if he had been convicted only of the charge of allowing apparatus for the distilling of spirituous liquors to be located upon his premises. Therefore the accused was not hurt by the failure of the court to instruct the jury upon the law of circumstantial evidence. See, in this connection, *Brannon* v. *State,* 21 *Ga. App.* 328 (2), 330 (2) (94 S. E. 259).

I think the judgment below should be affirmed.