15926.   HENDERSON *v.* THE STATE.

That certain physical objects not introduced in evidence but referred to and identified by witnesses were sent out with the jury and used by them in the consideration of the case does not require a new trial, under the facts of this case.

DECIDED DECEMBER 10, 1924.

Conviction of possessing liquor; from Glynn superior court—Judge Highsmith.   August 16, 1924.

*Farr & Powell,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

BLOODWORTH, J.   1.   When the instructions complained of are considered in the light of the remainder of the charge of the court, there is no error therein that requires the grant of a new trial.

2.   A ground of the motion for a new trial is in part as follows: "That certain physical objects, to wit: basket, crocus sack, four one-half gallon fruit jars with their contents, referred to in the testimony of S. D. Lamb and L. F. Ridley, identified by them, testified to concerning, for the purpose of such identification, were never tendered in evidence, formally or otherwise, for the purpose of having their admissibility passed upon by the court, were sent out with the jury, and was used by them in the consideration of the case without any waiver on the part of the defendant or upon counsel for the defendant."   To support this ground of the motion counsel for the plaintiff in error rely upon the case of *Smith* v. *State,* 14 *Ga. App.* 610 (81 S. E. 817).   The facts of this case distinguish it from that case.   In that case it was said (p. 611) that "in the state of the record" the admissibility of the physical objects might not have been warranted.   In the case at bar the physical objects were clearly admissible in evidence.   Moreover, the accused made no affidavit that she did not know that they had been sent to the jury-room.   However, eliminating from the case the inspection of the physical objects by the jury, the other evidence demanded the conviction, and the fact that the jury inspected the physical objects

did not harm the accused. *Brannon* v. *State,* 21 *Ga. App.* 328, and cases cited (p. 329) (94 S. E. 259).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*