## 30687. FRYE v. THE STATE.

MacINTYRE, J. 1. The defendant was charged with the operation of a lottery, and this being a misdemeanor there are no principals in the second degree or accessories, but all who participate in the. operation thereof are guilty as principals.

2. The defendant could be convicted on proof that he directly and personally did any of the several acts entering into the conduct of such lottery business, a misdemeanor, or that he procured, counseled, commanded, aided, or abetted the criminal transaction of another who was the direct and immediate actor. When we take into consideration all the facts and circumstances in the case, i. e., the defendant's possession of the lottery paraphernalia, that a lottery was in operation in the county at the time, and the manner of its operation, including the previous transactions in which the defendant had operated or participated in the operation of a like play or scheme known as the "number game," we think that the jury were authorized to find that the defendant had participated in some of the several acts entering into the conduct of such lottery business and find him guilty as charged.

3. An accusation charging the defendant with participating in the operation of a lottery, with a plea of not guilty, a verdict of guilty by the jury, and the sentence of the court thereon, was competent evidence. This former transaction tended to illustrate, characterize, and explain the defendant's act in the instant case, which act was capable of more than one construction. Under one construction the act would be innocent and under the other construction it would not be innocent. Thrasher v. State, 68 Ga. App. 820, 823 (24 S. E. 2d, 222).

4. During the argument of the solicitor to the jury the following occurred: "Mr. Camp (arguing the case): 'Gentlemen of the jury, this evidence indicates that you have a big shot in the lottery business.'

"Mr. Carpenter (defendant's counsel): 'I would like the jury to retire as I have a motion to make because of the solicitor's remark to this jury.'

"The court: 'You can go ahead and make your motion.'

"Mr. Carpenter: 'We move for a mistrial in this case on account of the solicitor's referring to the defendant as a lottery big shot, and move for it on account of this very prejudicial statement before this jury, as the courts have held over and over that a solicitor can not refer to a defendant in such language, and there is no evidence here that he is a big shot or lottery man.'

"The court: 'I overrule the motion for mistrial. Gentlemen of the

jury, you are not bound by any conclusions that counsel on either side may make. They have a right to draw any inference or deduction from the evidence in the case which they wish to draw, but whether it is logical or illogical, or plausible or reasonable, is a matter for you to determine.'

"Mr. Camp: 'The reason I say he is a big shot—'

"Mr. Carpenter: 'I renew my motion to this unfair and improper argument of the solicitor.'

"The court: 'You can make any motion you wish to make but after you have made it and I have ruled on it it is not proper to make it again.'

"Mr. Carpenter: 'But he is referring to the very same thing.'

"The court: 'I have already ruled on it, and if I am wrong your rights are protected.'"

This assignment of error does not disclose reversible error.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED DECEMBER 5, 1944.

*Albert G. Callaway, W. Paul Carpenter,* for plaintiff in error.