32098. HAMPTON v. THE STATE.
32099. VOYLES v. THE STATE.
32100. GAZAWAY v. THE STATE.

JORDAN, Justice.

Appellants were convicted of armed robbery in a joint trial and bring separate appeals to this court.

On October 21, 1974, at approximately 1:40 p.m., W. E. Holcomb was working in his general store at Coal Mountain, Forsyth County, Georgia. He was alone in the store when one older man and two younger men entered the store. Almost immediately after entering the store all three men pulled out handguns and the older man announced that it was a "stick-up." Holcomb was then forced to lie on his stomach behind a counter and his hands were bound behind his back with tape. The robbers then emptied Holcomb's pockets and the cash register. Upon hearing the robbers leave, Holcomb managed to get to the door in time to see the getaway car, a blue Mustang, drive away.

On June 11, 1975, Holcomb positively identified Hampton and Voyles in a photographic array. He was unable to make a positive identification of Gazaway from that array, but when shown another array on July 16, 1975, which contained full face poses (as opposed to the earlier profile poses), he made a positive identification of Gazaway. In October 1975, Hampton, Voyles and Gazaway were indicted for the armed robbery of Holcomb's store. After a joint jury trial, in which Holcomb made positive in-court identifications of all three defendants, all three were found guilty and have brought separate appeals.

*Case No. 32098*

Hampton's sole enumeration of error is that the trial court erred in admitting, over objection, evidence of independent crimes. The state maintained that the independent crimes were relevant to show identity, the trial court agreed, and we affirm.

"Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient

similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976).

Here the evidence admitted was of two armed robberies of other grocery stores. As to both, the first requirement was clearly met: the victims of both robberies positively identified, in court, all three of the defendants as being the perpetrators of the robberies. The second condition was also met regarding each of the independent crimes. One of the robberies had the following similarities to the Holcomb robbery: (1) It was a robbery of a grocery store; (2) it occurred within one month of the Holcomb robbery; (3) three men committed the robbery; (4) one of the men was much older than the other two; (5) the victim was made to lie down and his hands were bound by the use of tape; (6) it occurred on the same highway as the Holcomb robbery; (7) the robbers drove away in a blue Mustang. The other robbery had the following similarities to the Holcomb robbery: (1) It was a robbery of a grocery store; (2) it occurred within 2 weeks of the Holcomb robbery; (3) three men committed the robbery; (4) one of the robbers was in his "late forties" and the other two were in their "early twenties"; (5) the victim was made to lie down and his hands and feet were bound by the use of tape.

The trial court did not err in admitting the evidence of these independent crimes, and Hampton's sole enumeration of error is without merit. The judgment in Case No. 32098 is affirmed.

### Case No. 32099

Voyles enumerates nine errors, however, he has abandoned his enumeration number six.

Enumerations of error 1 through 3 deal with the trial court's ruling, during voir dire, that Voyles' counsel could not ask the jurors certain questions. All of these questions sought to elicit from the prospective jurors their understanding of the law relating to the presumption of innocence and burden of proof. It is not the function of the voir dire to test the prospective jurors on their grasp of legal principles. There was no error in denying Voyles' counsel the right to ask these questions.

*Goughf v. State,* 232 Ga. 178, 181 (205 SE2d 844) (1974); *McNeal v. State,* 228 Ga. 633 (3) (187 SE2d 271) (1972). These enumerations are without merit.

The fourth enumeration of error complains that the in-court identification of all the defendants by Holcomb should have been excluded because it was tainted by a post-indictment, pre-trial confrontation at which the defendants were without counsel. We need not decide whether Voyles can raise this claim on behalf of his two co-defendants, because the record contains uncontradicted evidence that the only "confrontation" which took place occurred when, on the day of the trial, the defendants were brought into the courtroom and Holcomb saw them as they were brought in. Enumeration 4 is without merit.

The fifth enumeration of error complains of the introduction of the evidence of independent crimes and is without merit for the reasons set forth in Case No. 32098.

A GBI agent testifying as to his qualifications stated that he was presently working with the Drug Enforcement Administration. An objection to this testimony was raised on the basis that it implied that narcotics were involved in the case. Enumeration of error number 7 complains that the trial court should have instructed the jury to disregard the mention of narcotics. There was no error. The witness testified that at the time he investigated the Holcomb robbery, he was not working in narcotics. The seventh enumeration of error is without merit.

It was not error to charge the jury on flight. There was evidence that the robbers fled the scene and "the charge did not intimate to the jury that flight had been proven but left it to the jury to determine whether there was flight, and, if so, what inference might be drawn therefrom." *Harris v. State,* 234 Ga. 871, 874 (218 SE2d 583) (1975). Enumeration of error 8 is without merit.

Finally, Voyles claims that the charge of the court on the elements of armed robbery expressed an opinion. The charge, when read as a whole, expressed no opinion as to what had been proven. The ninth enumeration of error is without merit, and the judgment in Case No. 32099 is affirmed.

### Case No. 32100

There are only two enumerations of error in Gazaway's appeal.

The first complains of the introduction of the evidence of independent crimes and is without merit for the reasons given in Case No. 32098, above.

The second enumeration of error is that the trial court erred in failing to charge the jury exactly as the court stated it would when it ruled the evidence of independent crimes admissible. The court correctly charged the jury as to the relevance of the independent crimes. The court was not required to use the exact language used earlier when the court gratuitously informed the parties of how it would later charge the jury on this issue. The judgment in Case No. 32100 is affirmed.

*Judgments in Cases 32098, 32099 and 32100 affirmed. Nichols, C. J., Undercofler, P. J., Ingram, Hall, and Hill, JJ., concur.*

SUBMITTED MARCH 4, 1977 — DECIDED APRIL 6, 1977.

*Brannon, Brannon, Thompson & Fox, William S. Hardman,* for Hampton.

*Jane Kent Plaginos,* for Voyles.

*John Rice,* for Gazaway.

*C. B. Holcomb, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.