## 55215. WILSON et al. v. THE STATE.

BANKE, Judge.

The appellants, Garland D. Wilson and Raymond F. Wilson, were convicted of armed robbery. They appeal the denial of their motion for new trial and enumerate 16 additional errors.

1. In their first enumeration, appellants argue that the trial judge denied them their right to a hearing on their motion for new trial. The order contained in the record and signed by the trial judge states that the motion was denied *"after hearing arguments of counsel."* In the

absence of any evidence to the contrary, it is presumed that the trial judge's conduct, as reflected in his order, in performing his official duties was proper. Code § 38-114; *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912) (1972).

2. An enumeration of error that the verdict was against the weight of the evidence addresses itself to the discretion of the trial court, not this court. Code § 70-206; *Ridley v. State,* 236 Ga. 147 (1) (223 SE2d 131) (1976). The court, therefore, lacks authority to review appellants' second enumeration of error.

3. Appellants' Enumerations 13 and 17 are deemed abandoned under Rule 18 (c) of the Court of Appeals (Code Ann. § 24-3618 (c) (2)) for failure to present argument or citations of authority in support of their contentions.

4. In Enumeration 3, the appellants allege that the trial judge improperly admitted hearsay testimony by a witness for the state (a police officer) for the purpose of impeaching the testimony of a prior state's witness. An examination of the record shows that the officer's testimony was not offered for the purpose of impeachment, but to explain his conduct in broadcasting a radio lookout for the car used in the robbery. The testimony was properly admitted for this purpose. Code § 38-302; *Phillips v. State,* 206 Ga. 418 (3) (57 SE2d 555) (1950).

5. Appellants' enumerations of error 4-15 concern the admission of evidence relating to the commission of an armed robbery by appellants two weeks subsequent to the armed robbery with which the appellants were charged in this case.

a. Appellants allege that the trial judge erred in overruling their motion for an evidentiary hearing outside the presence of the jury as to the admissibility of the testimony about the second armed robbery. The record fails to show that any such motion was made by appellants' attorney and, as a result, we are unable to review this enumeration on appeal.

b. The testimony as to the subsequent robbery was properly admitted into evidence. Witnesses identified the appellants as being the perpetrators of both crimes, and certified copies of their indictments and convictions for the second robbery (which contained their pleas of guilty)

were admitted into evidence. The evidence further showed that both robberies were of McDonald's fast-food restaurants, occurring early in the morning, involving three black males, wearing similar if not identical clothing, and carrying similar if not identical weapons. The robberies were conducted in a similar manner, and the same getaway car was used in both robberies. This evidence satisfied the criteria for admission of evidence of independent crimes. *Hampton v. State,* 238 Ga. 608 (234 SE2d 521) (1977); *Collins v. State,* 239 Ga. 45 (235 SE2d 523) (1977). See also *Campbell v. State,* 234 Ga. 130 (214 SE2d 656) (1975); *Jessen v. State,* 234 Ga. 791 (3) (218 SE2d 52) (1975).

The testimony of two police officers that they chased the appellants from the scene of the second McDonald's robbery and that appellant Garland Wilson fired a weapon at them during this chase was also admissible. See *Williams v. State,* 223 Ga. 773 (1) (158 SE2d 373) (1967); *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974); and *Grant v. State,* 141 Ga. App. 272 (2) (a) (233 SE2d 249) (1977).

c. The judge charged the jury that they should consider evidence of appellants' criminal acts other than those charged in this case, if any, only insofar "as it might tend to illustrate the defendants' state of mind and the subject involved, if you think it does so illustrate." The appellants contend that the judge should have given further precautionary instructions limiting the jury's consideration of this evidence. The judge's charge was adequate, and we find no error, especially in light of appellants' failure to request special instructions on this matter.

6. The state failed to tender into evidence certain physical objects (toboggans, weapon, white fishnet worn as a mask) which had been identified at trial and testimony concerning them received. These objects were then sent out with the jury, notwithstanding the fact that they had not been introduced into evidence. "In the case at bar the physical objects were clearly admissible in evidence. Moreover, the accused made no affidavit that she did not know that they had been sent to the jury room. However, eliminating from the case the inspection of the

physical objects by the jury, the other evidence demanded the conviction, and the fact that the jury inspected the physical objects did not harm the accused. *Brannon v. State,* 21 Ga. App. 328, and cases cited (p. 329) (94 SE 259)." *Henderson v. State,* 33 Ga. App. 180, 181 (125 SE 769) (1924).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 1, 1978 — DECIDED FEBRUARY 24, 1978.

*King & Dotson, Robert C. Dotson,* for appellants.
*Robert E. Keller, District Attorney, Michael D. Anderson, John P. Quinlan, Assistant District Attorneys,* for appellee.