## 55649. BIGBY v. THE STATE.

BANKE, Judge.

The defendant, Jimmy L. Bigby, appeals his conviction for armed robbery. He was tried jointly with two co-defendants but was not represented by the same counsel. This court affirmed the convictions of both co-defendants in *Wilson v. State,* 145 Ga. App. 33 (243 SE2d 304) (1978). *Held:*

1. The majority of the defendant's 17 enumerations of error concern the admission into evidence of a similar but independent crime subsequently committed by the defendant and his two cohorts. We ruled this testimony was admissible in *Wilson v. State,* supra, Division 5 (b). It follows, therefore, that there was no error in overruling defendant's various motions for mistrial based on this testimony. Defendant's contentions that two witnesses from the second robbery could not specifically identify him at trial are not important since he was apprehended by police as he fled the scene of the robbery and since a certified copy of his indictment and conviction for the second robbery (which contained his plea of guilty) was admitted into evidence.

2. Although he did not object at trial, the defendant now enumerates as error the trial judge's failure to give a requested charge on circumstantial evidence. The judge defined circumstantial evidence to the jury, and his charge in this regard was sufficient. In addition, the evidence of defendant's guilt was abundant and assuming arguendo that a more complete charge should have been

given ". . . a failure to charge on circumstantial evidence is considered harmless error if the case is not close or doubtful." *Hawes v. State,* 240 Ga. 327 (3) (240 SE2d 833) (1977).

3. It is generally reversible error for a trial judge to fail to give a written request to charge the jury that the defendant's failure to testify in his own favor shall not create any presumption against him. See *Clay v. State,* 236 Ga. 398, 399 (224 SE2d 14) (1976). In this case, however, the trial judge had given defense attorney's pre-evidentiary written request to charge the jury on this subject and simply refused to recharge the jury in his final instructions. Under these circumstances, the failure to charge was not reversible error.

4. Defendant's enumerations of error that the trial judge failed to give his written request to charge on identification evidence and that the verdict was not supported by the evidence are deemed abandoned for failure to support them by argument or citation of authority. See Rule of the Court of Appeals 18 (c) (2); *Cape v. State,* 144 Ga. App. 193 (2) (240 SE2d 736) (1977).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED APRIL 3, 1978 — DECIDED JULY 3, 1978.

*Henry C. Ross,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.