## 57664. CURTIS v. THE STATE.

UNDERWOOD, Judge.

Appellant Curtis was tried for two counts of burglary, one involving a residence and the other involving the Happy Valley Elementary School. The jury returned a verdict of not guilty as to the residence and guilty as to burglary of the school. He appeals contending, among his eight enumerations of error, that the evidence of his alleged involvement with the school burglary is insufficient to support the conviction. Upon reviewing the record we agree and must reverse.

The evidence relating to the charge of which Curtis was convicted established that during the day and evening of December 20, 1977 one Cahoon picked up Curtis and they spent the day and evening bar hopping and drinking. During the afternoon they picked up two other men (including Curtis' brother). Sometime during the late evening hours, while driving around in Cahoon's vehicle, the two other men asked to get out of the car about two blocks from the Happy Valley School. Cahoon, the state's only witness concerning this charge, testified he did not know why they wanted out of the car or where they were going, and he did not know they were going to

burglarize the school. He and Curtis continued on to a convenience store where they bought some beer and each had a sandwich. They remained at the store 40 to 45 minutes eating and drinking. They departed, and Curtis gave certain directions to Cahoon, the driver, after which the other two men were located standing on a corner. Cahoon picked them up, but testified he did not know where they had been or what they had been doing. At the time he picked them up they were carrying a small suitcase, which they placed in the trunk of the vehicle. A short time later the car was stopped by the police and items taken from the school were found in the trunk of the car in the small suitcase.

The state contends this evidence is sufficient to support a conviction of burglary, as the judge instructed on conspiracy. The difficulty with such an argument is that the evidence is insufficient to support a conspiracy as to the burglary of the school. The state's only witness, Cahoon, did not testify to any conversation or plan among the four persons in the car relating to the burglary of the school. In fact, there is no evidence that Curtis knew a burglary had occurred, or had any knowledge of what was contained in the suitcase placed in the trunk of the car when the two men were picked up again by Cahoon. The fact that after Curtis and Cahoon left the fast food shop and Curtis told Cahoon to make two turns, and after making the two turns the other two men were picked up carrying a small suitcase, is insufficient to show a conspiracy. It raises a suspicion, but a bare suspicion is not sufficient to establish a fact. *Clements v. State,* 4 Ga. App. 271, 272 (61 SE 132) (1907); *Mosley v. State,* 49 Ga. App. 147 (174 SE 543) (1934). A conviction cannot rest upon mere suspicion. *Jenkins v. State,* 93 Ga. App. 360, 362 (92 SE2d 43) (1956).

The state also contends that the fact the accused was found in possession of the stolen articles is sufficient to support the charge of burglary. This contention must also fail, for there was no evidence to show that Curtis was in possession of the stolen goods, or knew that the suitcase contained stolen items. He did not see the contents of the suitcase when it was placed in the trunk of the car by the two other men, and there is no evidence to indicate he

knew a burglary at the school had occurred. Even assuming that the stolen items were found in the small suitcase which was put in the trunk of Cahoon's car, there is no evidence to connect Curtis with the possession of such items. Without sufficient evidence of conspiracy in which Curtis was a participant his conviction for burglary of the school cannot stand.

*Judgment reversed. Banke, Acting P. J., and Carley, J., concur.*

ARGUED APRIL 10, 1979 — DECIDED JUNE 28, 1979.

*Ross L. Hatcher, III,* for appellant.
*William M. Campbell, District Attorney, Edgar A. Callaway, Jr., Assistant District Attorney,* for appellee.