### 59030. RHODES v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of the offense of robbery. He was sentenced to serve a term of ten years. A motion for new trial based upon the general grounds only was filed and denied. Defendant appeals. *Held:*

1. The first enumeration is that the evidence was insufficient to support the verdict which was decidedly

and strongly against the weight of the evidence, contrary to law and the principles of justice and equity. The victim's testimony positively identified the defendant as the person who had robbed him by the use of force, knocking him to the ground, at or near a place known as Melody Inn, and that he immediately reported the robbery, giving the police a description of the perpetrator. The victim also testified that several days later the defendant tried to talk to him about it, said he was sorry for what he had done, that he had a job and would give the victim his money back the next day. However, no restitution was made the next day and when he again saw the defendant at the Melody Inn he reported his presence to the Atlanta Police Department, and the defendant was arrested. Another victim testified as to a similar transaction in which he was robbed by the defendant after leaving the Melody Inn and in which he also was knocked to the ground and his money taken by the defendant. A certified copy of the indictment in which the defendant had entered a guilty plea was allowed in evidence over objection. Defendant testified that he did make trips on a regular basis through the area in which the victim in the case sub judice was robbed, that he saw the victim on the night in which he was robbed, but that they had no communication whatsoever that night and that the victim was framing him for the robbery because they "had a run-in in '78 when" the defendant first came back from prison. The credibility of witnesses is entirely the province of the jury. *Jones v. State,* 147 Ga. App. 296 (248 SE2d 557); *McCane v. State,* 147 Ga. App. 730 (1) (250 SE2d 181). The jury is also the final arbiter of conflicts in the evidence. *Allen v. State,* 145 Ga. App. 426 (2) (243 SE2d 626). The evidence was sufficient to support the verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). After a review of the trial transcript and record we are convinced, and we so hold, that a rational trier of fact (the jury in this case) could readily have found the defendant guilty beyond a reasonable doubt of the offense of robbery.

2. "Before evidence of independent crimes is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the

perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) . . . *Howard v. State,* 211 Ga. 186 (84 SE2d 455) . . ." *French v. State,* 237 Ga. 620, 621 (3) (229 SE2d 410). There is no merit in this complaint as each of the above requirements was fulfilled.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED FEBRUARY 6, 1980.

*Vernon S. Pitts,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.