## 59967. RAKESTRAW v. THE STATE.
## 60168. BROWN v. THE STATE.

CARLEY, Judge.

Appellants in these companion cases were indicted and tried jointly for the offense of burglary. The jury returned verdicts of guilty. Appellant Rakestraw received a fifteen-year sentence and appellant Brown received a sentence of five years. They appeal.

1. Over objection, the trial court admitted evidence of an independent burglary to which Rakestraw and Brown had entered guilty pleas. The admission of this evidence is enumerated as error. " ' "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." [Cit.]' Thus, before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977).

A certified copy of Rakestraw and Brown's indictment containing their pleas of guilty clearly identifies them as the perpetrators of the independent crime. See *Wilson v. State,* 145 Ga. App. 33, 34 (5b) (243 SE2d 304) (1978); *Bigby v. State,* 146 Ga. App. 500 (1) (246 SE2d 496) (1978). As to similarity, the separate burglary and the burglary for which Rakestraw and Brown were on trial in the instant case were shown to have been committed on the same day, at approximately the same time and at locations which were within two miles of each other. The method of obtaining entry into the two locked dwellings was shown to be similar. Stolen property of a similar nature from both residences was discovered in the trunk of the car. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974); *Booker v. State,* 242 Ga. 773 (251 SE2d 518) (1979); *Hamilton v. State,* 239 Ga. 72, supra; *Collins v. State,* 145 Ga. App. 341 (243 SE2d 716) (1978). We find no error in the admission of evidence of the separate burglary. *Amadeo v. State,* 243 Ga. 627 (255 SE2d 718) (1979); *Minis v. State,* 150 Ga. App. 671 (258 SE2d 308) (1979); *Williams v. State,* 150 Ga. App. 852 (258 SE2d 659) (1979); *Silvers v. State,* 151 Ga. App. 216 (259 SE2d 203) (1979); *Wise v. State,* 153 Ga. App. 175 (265 SE2d 78) (1980); *Rhodes v. State,* 153 Ga. App. 306 (265 SE2d 110) (1980). Hence, the denial of Rakestraw and Brown's motion for mistrial based upon the admission of this evidence was not error. *Hicks v. State,* 232 Ga. 393, 397, supra.

2. The general grounds are enumerated as error. The evidence adduced at trial showed the following: On March 12, 1979, a police officer on patrol observed a suspicious vehicle in a residential neighborhood. The officer followed the car and determined after checking that the tag on the vehicle was stolen. Pulling in behind the car, which had been parked while the tag number was being checked, the officer confronted appellant Rakestraw, the driver of the vehicle. Rakestraw, who had stepped from the automobile, was asked to stand against the car. Appellant Brown, the front seat passenger, was requested to step out and stand with Rakestraw. A search of both appellants was made and they were then placed in the patrol car. The officer requested and received Rakestraw's permission to examine the car. Rakestraw further consented to the opening of the trunk. The search of the trunk revealed several items which were taken by person or persons unknown during the unauthorized entry of two dwellings.

This evidence, though wholly circumstantial, supports the guilty verdict as to Rakestraw. "When property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of the stolen property by the defendant is a circumstance from which guilt

may be inferred. [Cit.] From this, it may be inferred that the defendant charged committed the theft proven. This being so, no further proof, circumstantial or direct, showing that the appellant committed the burglary was necessary for conviction. [Cit.]" *Humes v. State,* 143 Ga. App. 229 (237 SE2d 704) (1977). Arguments that Rakestraw was not in "possession" of the stolen property are without merit. It was shown that he was driving the vehicle at the time the identified stolen items were found in the trunk. " 'The contents of an automobile are presumed to be those of one who operates and is in charge of it . . . [Cit.]' [Cit.]" *Carson v. State,* 241 Ga. 622, 627 (247 SE2d 68) (1978). As the driver of the vehicle, Rakestraw was in "possession" of the stolen property located in the trunk. The evidence authorizes the verdict and there was no error in refusing to direct a verdict of acquittal as to Rakestraw. *Welch v. State,* 235 Ga. 243 (219 SE2d 151) (1975).

Likewise, we find the evidence sufficient to support Brown's conviction. "[P]ossession, or joint possession, may be proved by circumstantial evidence, as well as direct evidence." *Haney v. State,* 47 Ga. App. 132, 135 (169 SE 771) (1933). As discussed in Division 1 of this opinion, evidence concerning the commingled stolen goods from the two burglaries found in the trunk was properly admitted into evidence. "If the evidence of other transactions tends 'to illustrate the transaction in issue, or to establish some necessary ingredient of the particular offense under investigation,' it is admissible. [Cits.] The fact that the accused was found at the same time and place in possession of other property of the same kind which had been stolen tended very strongly to show guilty possession of the property described in the indictment." *Martin v. State,* 10 Ga. App. 795, 797 (74 SE 304) (1912). Evidence that stolen goods from the burglary to which Brown and Rakestraw had pled guilty were commingled with property stolen in the burglary for which he and Rakestraw were on trial authorized a finding that Brown was in recent possession of the latter goods. *Martin v. State,* 10 Ga. App. 795, supra; *Diggs v. State,* 90 Ga. App. 853 (84 SE2d 611) (1954). Thus, unlike *Curtis v. State,* 150 Ga. App. 507 (258 SE2d 247) (1979), there was relevant probative evidence of Brown's "possession" of the trunk's contents. Taking into consideration all the facts and circumstances of the case, including Brown's participation in the independent but similar burglary, the fruits of which were found commingled with those taken in the burglary for which he was on trial, the jury was authorized to find that Brown had committed the crime charged in the indictment. *Frye v. State,* 71 Ga. App. 795 (2) (32 SE2d 410) (1944). There was no error in denying Brown's motion for a directed verdict of acquittal.

3. Citing Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), Rakestraw enumerates error in the giving of the following charge: "Now, intent may be shown in many ways, provided that the Jury finds that it exists from the evidence produced before them. Now, it may be inferred from the proven circumstances or by acts and conduct or it may be presumed when it is the natural and necessary consequence of the act." Arguments that this charge is burden shifting under the holding in Sandstrom are without merit. *Rittenberry v. State,* 155 Ga. App. 213 (1980).

4. A witness for the state was called and, on cross examination, was asked if he had "talked with anyone within the last half-hour about this case?" He responded: "No, not in reference to the case. There were several people back in the jury room . . .; we talked not about the case, but about the area that the crime happened." Brown moved for mistrial based upon the witness' violation of the sequestration rule. The trial court's failure to grant this motion is enumerated as error. We find Brown's argument to be meritless. *Cobb v. State,* 244 Ga. 344, 353 (16) (260 SE2d 60) (1979). Furthermore, even assuming there had been a violation of the sequestration rule, we find no abuse of the trial court's discretion in overruling Brown's motion for mistrial. *Bridges v. State,* 242 Ga. 251, 253 (7) (248 SE2d 647) (1978).

*Judgment affirmed in Case No. 59967. Judgment affirmed in Case No. 60168. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED
SEPTEMBER 5, 1980.

*Joseph M. Todd,* for appellant (case no. 59967).
*Charles J. Vrono,* for appellant (case no. 60168).
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.