## 60527. FOSTER v. THE STATE.

BANKE, Judge.

The appellant was indicted for armed robbery and was convicted of robbery by intimidation as a lesser included offense. Three eyewitnesses testified against him: the victim and two bystanders. Neither of the bystanders had been asked to identify the appellant during the four months between the date of the offense and the date of trial, despite the fact that the appellant was in custody for three of those months. However, shortly before the trial commenced, the state's attorney asked both witnesses to identify the assailant from among a group of criminal defendants seated in the jury box; and each selected the appellant. Defense counsel objected at trial to the testimony of the first of these two witnesses and moved that she not be allowed to identify the appellant in court. However, he did not object to the testimony of the second witness.

The basis for the objection was that the state had conducted a post-indictment lineup without honoring the appellant's right to counsel. On appeal, the state contends for the first time that appellant's counsel was in fact present in the courtroom during the

identification procedure and able to observe it. Although the record does not conclusively support this position, it does provide indirect support for it, for in making his objection, defense counsel demonstrated considerable familiarity with the appearance of the other members of the lineup, arguing that none of them were of the "same size, height, weight, or . . . characteristics" as the appellant.
*Held:*

1. The general grounds of the motion for new trial were properly overruled. Although the appellant attempted to prove that he could not have reached the crime scene between the time he clocked out of work and the time the robbery took place, his evidence on this issue was certainly not conclusive. Indeed, appellant's counsel admits as much, for following a preprinted discussion of the amount of evidence needed to sustain a conviction on appeal, he makes the following statement in his brief: "The testimony of the witnesses for the state and [for] the defense presents a definite question of fact as to whether it was possible for the appellant to have committed the crime charged." We find that a rational trier of fact could reasonably have concluded that the appellant was guilty beyond a reasonable doubt.

2. "United States v. Wade, 388 U. S. 218 [87 SC 1926, 18 LE2d 1149] (1967), held that a pre-trial corporeal identification conducted after a suspect has been indicted is a critical stage in a criminal prosecution at which the Sixth Amendment entitles the accused to the presence of counsel. The court emphasized the dangers inherent in a pretrial identification conducted in the absence of counsel. Persons who conduct the identification procedure may suggest, intentionally or unintentionally, that they expect the witness to identify the accused. Such a suggestion, coming from a police officer or prosecutor, can lead a witness to make a mistaken identification. The witness then will be predisposed to adhere to this identification in subsequent testimony at trial. *Id.* at 229, 235-236." Moore v. Illinois, 434 U. S. 220, 224-225 (98 SC 458, 54 LE2d 424) (1977).

The Wade decision went on to hold that notwithstanding any illegality in the pre-trial identification procedures, the witness' in-court identification may nevertheless be admitted so long as it has an "independent origin" from the illegal identification procedure. United States v. Wade, supra, at 242. "Application of this test . . . requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and lineup identification. It is

also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup." Id. at 241. While an illegality in the pre-trial identification procedure does not automatically prevent the witness from identifying the defendant during the trial, a *per se* rule of exclusion does apply to evidence of the illegal lineup identification itself. Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178) (1967).

There is no question under the Wade decision that the appellant was entitled to counsel at the pre-trial identification procedure which was arranged and conducted by the assistant district attorney in this case. The state cites *Prater v. State,* 148 Ga. App. 831 (7) (253 SE2d 223) (1979) as authority to the contrary; however, that case is clearly distinguishable on its facts. There, neither the police, the district attorney, nor any other law enforcement official took any part in arranging the setting for the pre-trial identification. The witnesses merely attended, at the suggestion of the prosecutor but on their own initiative, unrelated court proceedings at which the defendant was scheduled to be present, identifying him from among numerous other persons in the room. The circumstances were quite different from those in this case, as there was no opportunity for any law enforcement official to exercise any influence, direct or indirect, over the witnesses' selection.

The state further argues that any error in admitting the witness' testimony was harmless because both the victim and the other bystander independently identified the appellant as the person who had committed the robbery. A constitutional error may be held harmless only where it appears harmless "beyond a reasonable doubt." Chapman v. California, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705) (1967). The jury in this case deliberated for over a day, at one point requesting a city map, presumably so that they could better evaluate the appellant's contention that he could not have reached the scene of the crime in time to have committed it. Given these factors, we cannot say beyond a reasonable doubt that the testimony of a third eyewitness did not contribute to the verdict. Thus, we hold that if the admission of the witness' identification testimony was error, it was reversible error. On the other hand, if the witness' in-court identification was admissible, then any error in admitting testimony of the lineup identification itself would appear harmless beyond a reasonable doubt.

As indicated previously, the transcript provides no clear basis for a determination as to whether the appellant's attorney was present in the courtroom and able to observe the pre-trial lineup when it took place. We therefore remand the case for another hearing on the appellant's motion to exclude the witness' testimony, so that

evidence may be presented on this issue. In the event that the trial court determines that the appellant's attorney was not in fact present at and able to observe the lineup, then the court may hear evidence on whether the witness' in-court identification testimony had an independent origin from her lineup identification, based on the standards set forth in United States v. Wade, supra. The court shall then enter another ruling on the admissibility of the witness' in-court identification testimony; after which, should the state again prevail, the appellant may again appeal the issue to this court.

*Judgment vacated and case remanded with direction. Smith, Shulman, Birdsong and Carley, JJ., concur. Quillian, P. J., concurs specially. Deen, C. J., McMurray, P. J., and Sognier, J., dissent.*

ARGUED SEPTEMBER 4, 1980 — DECIDED DECEMBER 3, 1980 —

*Vernon S. Pitts, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, A. Thomas Jones, Assistant District Attorneys,* for appellee.

QUILLIAN, Presiding Judge, concurring specially.

I concur in that portion of the majority opinion which remands this case to the trial court for a hearing to determine the presence of defendant's counsel at the pretrial, post-indictment lineup. I also concur with that portion which states if "the trial court determines that the appellant's attorney was not in fact present at and able to observe the lineup, then the court may hear evidence on whether the witness' in-court identification testimony had an independent origin from her lineup identification," but I do not find this to be a complete statement of the entire rule.

The United States Supreme Court, in United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), held that pretrial corporeal identification procedures conducted after a suspect had been indicted was a critical stage in a criminal prosecution which triggered the accused's Sixth Amendment "right to counsel." This "right to counsel" is not limited to "presence of counsel" as an observer. It is my contention that a defendant is entitled to be "represented" by counsel at the post-indictment corporeal lineup (but not at a post-indictment photo display; United States v. Ash, 413 U. S. 300 (93 SC 2568, 37 LE2d 619)). United States v. Brown, 461 F2d 134 (CA DC 1972); United States v. King, 461 F2d 152, 156-157 (CA DC 1972) (Bazelon concurring); United States v. Boston, 508 F2d 1171,

1176-1177 (CA 2 1974); see also United States v. Ravich, 421 F2d 1196, 1202-1203 (CA 2 1970), cert. den. 400 U. S. 834.

The United States Supreme Court has held "[i]f an accused's counsel is present at the pretrial identification, he can serve both his client's and the prosecution's interests by objecting to suggestive features of a procedure before they influence a witness' identification . . . [Moore v. Illinois, 434 U. S. 220, 225 (98 SC 458, 54 LE2d 424)] [C]ounsel could have requested that the hearing be postponed until a lineup could be arranged at which the victim would view [the defendant] in a less suggestive setting . . . Short of that, counsel could have asked that the victim be excused from the courtroom while the charges were read and the evidence against [the defendant] was recited, and that [the defendant] be seated with other people in the audience when the victim attempted an identification . . . Counsel might have sought to cross-examine the victim to test her identification before it hardened . . . [W]e cannot assume that such requests would have been in vain. Such requests ordinarily are addressed to the sound discretion of the court . . ." 434 U. S. at 230, fn. 5; see also United States v. Ravich, 421 F2d 1196, 1202-1203, supra, cited with approval by the Supreme Court in Moore; supra, at 230. I do not interpret the Supreme Court's view of the defense counsel's role at a post-indictment corporeal lineup as being an observer, but as a representative who is entitled to make *reasonable suggestions* to the law enforcement official in charge of the corporeal lineup procedure. Thus, I would remand to the trial court for determination of presence *and* extent of participation of the defense counsel and result of any of his requests.

Further, inasmuch as one of the state's witnesses testified she had made a positive identification of the defendant at the post-indictment lineup — if defendant's counsel was not present, such testimony was inadmissible. Gilbert v. California, 388 U. S. 263, 272, supra. Therefore, the rule enunciated in Gilbert, supra, and Moore, supra, is applicable on remand, e.g., the court should determine whether such inadmissible evidence was harmless constitutional error beyond a reasonable doubt under Chapman v. California, 386 U.S. 18 (87 SC 824, 705). Gilbert v. California, 388 U. S. 263, 272, supra; Moore v. Illinois, 434 U. S. 220, 231, supra.

Accordingly, I would remand (1) for determination of presence or absence of defendant's counsel during the post-indictment lineup, (2) if he was present — the extent of his participation, and compliance with any of his reasonable requests, or (3) if defendant's counsel was absent, whether such inadmissible evidence of the witness' post-indictment identification was harmless constitutional error.

McMurray, Presiding Judge, dissenting.

This case involves the in-court identification of the defendant by two bystander witnesses who had observed the robbery and who also identified the defendant as the perpetrator. The majority here has vacated the judgment and remanded the case, contending that the prosecutor may have violated the Sixth Amendment right of the defendant in the presentation of the defendant to these witnesses in the trial court prior to trial as being unduly suggestive which can lead to a mistaken identification of the defendant as having committed the crime. These witnesses observed the robbery taking place by a black male whom they had never seen before. Just prior to trial the prosecutor asked each of them if she could identify the assailant from among a group of black male defendants seated in the jury box, and each chose the defendant.

The majority is of the opinion that the trial court may have erred in admitting these witnesses' testimony over defendant's objection and motion for excluding this in-court identification prior to trial. The majority seeks also to distinguish *Prater v. State,* 148 Ga. App. 831, 841 (7) (253 SE2d 223), wherein three judges of this court discussed what is described as an in-court and an out-of-court identification made of the defendant without the assistance of counsel wherein the witnesses were told that court proceedings were to be held at which some men, who might be connected with a certain robbery and who had been arrested in Tennessee, would be present. A special prosecutor suggested they might attend court and might be able to identify the man who had robbed the victim at gunpoint. No identification procedure was arranged, but the state witnesses separately attended court proceedings and immediately recognized two men involved in the robbery.

In *Prater v. State,* 148 Ga. App. 831, supra, at page 842, this court held as follows: "Each of the above situations is completely devoid of suggestive undercurrents. The two men were never singled out or conspicuously presented in any way. There was no line-up or parading of suspects; indeed, the identifications were accomplished quite apart from any police procedures. We conclude, as the trial court did, that these out-of-court identifications were not line-ups, one-on-one confrontations, or any other officially orchestrated identification procedure to which attach the right-to-counsel con-siderations of United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) . . . and its progeny."

Here the in-court identifications were at the time of trial and, in my opinion, free from impermissible suggestiveness. Compare *Hampton v. State,* 238 Ga. 608, 610 (234 SE2d 521). Furthermore, I have examined the contents of Moore v. Illinois, 434 U. S. 220,

224-225 (98 SC 458, 54 LE2d 424), and find nothing in that decision which would require a remand of this case.

What other procedure should the prosecutor have used? Should he have approached defense counsel and advised defense counsel that he (prosecutor) had two possible eyewitnesses who have never before identified the defendant, and he was having them observe the defendant in the jury box along with others charged with crime to see if they could identify the defendant? If so, defense counsel could only object to the suggestiveness as to identification, which he was allowed to do here at trial which immediately followed. If counsel was required to be made aware of the proposed observance in the courtroom, I see no harmful error which requires reversal. See United States v. Wade, 388 U. S. 218, 239-243, supra; Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705), as to whether there was harmless or harmful error in the identification process. All the persons in the jury box were seated, and all (5 or 6) were black males. Both witnesses generally identified the defendant as being a slim black male, "in his twenties," wearing a shirt and blue jeans, with a gun, with medium black hair, brushed back. Counsel for defendant was asked (while the jury was absent) as to how the procedure was highly suggestive. He replied that "no other person over there . . . matched the same characteristics, facial characteristics, color, height, weight as my client, and . . . there should have been some similarity in the subjects that were going to be viewed." This was not a one-on-one identification, defendant was not paraded, orchestrated, or conspicuously presented in any way. I see no error, but if erroneous, it was not harmful error. I would not vacate and remand the case for another hearing but would affirm the judgment. The trial court has already considered the objection made to the observation by the eyewitnesses of the defendant in the courtroom prior to trial, and a thorough and sifting cross examination of these witnesses was allowed.

I am authorized to state that Chief Judge Deen and Judge Sognier join in this dissent.