DAN M. LEE, Presiding Justice,
for the Court:
On May 24, 1988, in the First Judicial District of Hinds County Circuit Court, Bobby Dan Scott was tried upon a two count indictment: count one charged him with the armed robbery of a Medi-Save Pharmacy, and count two charged him with the armed robbery of Bill Pittman, who was a pharmacist at the Medi-Save Pharmacy. Scott was convicted on both counts. Under count one, the jury affixed a sentence of life imprisonment, and under count two, the Circuit Court entered a sentence of thirty-five (35) years imprisonment, which was to run concurrently to the life sentence. Further, in accordance with Miss.Code Ann. § 99-19-81 (1972), as amended, the Circuit Court ordered that the sentences were to be served without the possibility of parole. Feeling aggrieved, Scott appeals assigning four (4) errors:
I. The trial court erred in overruling Appellant’s motion for judgment notwithstanding the verdict, or in the alternative, a new trial, in that the verdict of the jury was against the overwhelming weight of the evidence and contrary to law.

II.The trial court erred in overruling Appellant’s motion to exclude the in-court identification of Appellant, in that it was not established that the in-court identification had an independent origin from the prior line-up identification which had the potential for improper influence and suggestiveness and, therefore the Appellant was deprived of a fair and impartial trial in violation of Constitutional and Fundamental rights under Due Process provisions as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and by Miss. Const, art. Ill sec. lj.

III.The trial court erred in overruling Appellant’s Motion to be seated in the audience of the courtroom along with other individuals so as to insure the validity of the in-court identification, thereby depriving the Appellant of a fair and impartial trial in violation of Constitutional and Fundamental rights under Due Process provisions as guaranteed by the Fifth 
*832
and Fourteenth Amendments of the United States Constitution and by Miss. Const, art. Ill sec. If

IV. The trial court erred in denying Appellant’s Motion for a New Trial because the prosecutor was allowed to subject the jury to inflammatory, irrelevant and immaterial testimony pertaining to other crimes, the Appellant was deprived of a fair and impartial trial in violation of Constitutional and Fundamental rights under Due Process provisions as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and by Miss. Const, art. Ill sec. If
Having carefully reviewed the proceedings in the trial court and the issues raised on appeal, we find none of assigned errors have merit. Accordingly, we affirm the convictions and sentences. However, in the third assigned error, Scott raises the issue of whether a defendant should be allowed to sit among the people in the audience when an in-court identification is attempted. Finding no Mississippi authority on point, we address this narrow issue.
DISCUSSION
On the evening of November 26th 1986, Scott and an unidentified man entered a Medi-Save Pharmacy, and, at gunpoint, they took the pharmacy’s cash receipts, a quantity of drugs, and the contents of Pittman’s billfold. On the day following the robbery, Scott was arrested, and quantities of cash and drugs found in his possession were seized.
Sometime thereafter, Scott entered his initial appearance, and counsel was appointed to represent him. Subsequent to the appointment of counsel, the State conducted a line-up identification, in which Pittman identified Scott as one of the robbers; however, the line-up was conducted without the presence of Scott’s attorney. In the present appeal, the State concedes that the failure to notify Scott’s attorney of the lineup, and to attempt to obtain his presence when it was conducted, ran contrary to our decisions holding that under Mississippi law an accused’s right to counsel attaches at the initial appearance, and subsequently conducted line-ups must be conducted in the presence of an accused’s attorney. See, Wilson v. State, 574 So.2d 1324, 1326 (Miss.1990); Magee v. State, 542 So.2d 228, 233 (Miss.1989); Jimpson v. State, 532 So.2d 985, 988-989 (Miss.1988).
The trial court properly ruled that due to the impropriety of the line-up, evidence of this pre-trial identification was inadmissible. Following this ruling, the trial court conducted a voir dire of Pittman out of the presence of the jury, after which it ruled the prior, pre-trial identification had not impermissibly tainted Pittman’s ability to make an in-court identification of the robber. In making this ruling, the trial court expressly considered the evidence in light of factors set forth in Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972):
1. The opportunity of the witness to view the criminal at the time of the crime.
2. The witness’s degree of attention.
3. The accuracy of the witness’s prior description of the criminal.
4. The level of certainty demonstrated by the witness at the confrontation.
5. The length of time between the crime and the confrontation.
In reviewing such rulings, we have held that we will not disturb a trial court’s determination unless it is not supported by credible evidence. Magee v. State, 542 So.2d 228, 231 (Miss.1989); Nicholson v. State, 523 So.2d 68, 71 (Miss.1988); Ray v. State, 503 So.2d 222, 223-224 (Miss.1986). Pittman testified his pharmacy training had included being taught to recall events in the event of a robbery, and the robbery occurred in a well-lighted store where the robber walked to within several feet of Pittman while brandishing a firearm; therefore, we cannot say the trial court’s ruling was not supported by credible evidence.
Scott contends, however, that in order to accurately test Pittman’s ability to *833 identify him as the robber, especially in light of the improper pre-trial identification, the trial court should have allowed him to sit among the general public when the in-court identification was made, rather than requiring him to remain seated next to his attorney. We have not previously addressed this issue, although there is ample authority from other jurisdictions indicating that such requests are addressed to the discretion of the trial judge. Moore v. Illinois, 434 U.S. 220, 231, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); United States v. Brown, 699 F.2d 585, 593-594 (2nd Cir.1983); Allen v. Rhay, 431 F.2d 1160, 1165 (9th Cir.1970); United States v. Ravich, 421 F.2d 1196, 1202 (2nd Cir.1970); Gissendanner v. State, 570 So.2d 421, 422 (Fla. App. 1 Dist.1990); Foster v. State, 156 Ga.App. 672, 275 S.E.2d 745, 748 (1981) (Quillian, P.J., concurring); Ward v. State, 474 S.W.2d 471, 475 (Tex.1971); McCullough v. State, 40 Ala.App. 309, 113 So.2d 905, 907 (1959). In accordance with this authority, we hold that where a defendant is to be identified at trial, and he requests that he be seated among other people in the courtroom, the trial judge should exercise broad discretion in determining whether the request should be granted. The factors to be considered by the trial judge include: (1) any danger presented to the public by the defendant, (2) the danger of misidentification, (3) the courtroom facilities available, and (4) any other pertinent factors known to the trial judge.
In the case sub judice, the record reveals both that the trial judge thoroughly conducted voir dire examination of Pittman before allowing his identification, and that Scott had previously been convicted for escape from an Arkansas prison. Therefore, the trial judge did not abuse his discretion in denying Scott’s request to be seated among the general public.
Finding no error, we affirm the two armed robbery convictions and sentences of life and thirty-five (35) years imprisonment, said sentences to run concurrently.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.