## 55655. SHOWKER v. THE STATE.

BIRDSONG, Judge.

Appellant Showker was convicted of selling an obscene film. He has enumerated six alleged errors. *Held:*

1. The first four enumerations of error pertain to denials of motions for mistrial based upon the admission of certain questions and evidence pertaining to sexually oriented matters not directly connected with Showker. The prosecution adduced information that in booths in back of the adult bookstore owned by Showker certain sexually oriented films were shown by depositing a coin. The prosecution developed evidence tending to show that these booths had a distinctive odor which the witness believed to be caused by customers ejaculating while watching the films. It was also proved that these booths had paper towel racks but no sink or basin was available in the booth. This witness also testified that he had observed full sized rubber male and female dolls equipped with realistic appearing sexual organs coupled in a coital position. Cross examination showed that the witness could not place Showker in the store at the same time that the witness had seen these dolls. Lastly, the witness testified that he had witnessed a film showing acts of bestiality between a human female and a donkey. Again, this evidence was not shown to have been seen by the witness while Showker was in the store.

All the above testimony initially was admitted without objection. Thereafter, however, appellant moved for a mistrial because of the prejudicial effect of the testimony and the absence of a showing that appellant was involved in any way with the objects. The trial court sustained the objections, cautioned the jury to disregard the evidence but denied the motions for mistrial. The appellant defended on the basis that he owned the bookstore but did not manage the business. He admitted

that he knew sexually oriented material was sold but denied knowing that it had any prurient suggestiveness or was calculated to excite prurient interest.

In view of the nature of appellant's defense, we are not convinced that the evidence adduced by the state was objectionable. Certainly it would seem to contribute significantly to a jury's understanding and appreciation whether the objects sold in the store were educational, objets d'art, therapeutic, or, on the other hand, calculated to excite prurient interest. In view of the exclusion of the evidence by the trial court, we need not reach a conclusion as to admissibility. Where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. *Southeastern Greyhound Lines v. Hancock,* 71 Ga. App. 471 (31 SE2d 59); *Osteen v. State,* 83 Ga. App. 378, 381 (63 SE2d 692). We find no abuse of discretion in this case. Moreover, the jury saw the film, Showker admitted selling it with knowledge that the film involved explicit acts of sexual intercourse. Within the entire context of this case, we have no hesitancy in concluding that if there was error, it was harmless. The standard concerning the prejudicial effect of error in this state is the "highly probable test," i.e., that it is "highly probable that the error did not contribute to the judgment." *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). There was no harmful error in the denial of any of the motions for mistrial.

2. Enumerations of error 5 and 6 deal with certain instructions of the trial court which allegedly relieved the state of its burden, in one instance to prove criminal intent and in the other, to prove constructive knowledge of criminality of the act charged. The first of these contentions was decided contrary to Showker's position in *Nunnally v. State,* 235 Ga. 693, at p. 703 (6) (221 SE2d 547) and the second in *Sewell v. State,* 238 Ga. 495, 496 (233 SE2d 187). These enumerations are without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED APRIL 10, 1978 — DECIDED JUNE 23, 1978 —
REHEARING DENIED JULY 28, 1976 —

*Glenn Zell,* for appellant.
*Austin J. Kemp, II, Solicitor,* for appellee.