## 59328. HIGH v. THE STATE.

SHULMAN, Judge.

Defendant was tried for and convicted of attempted burglary. We reverse.

1. The indictment against defendant alleged that he had attempted unlawfully to enter the "Professional Building of Doctors James R. Burns, Jr., J. V. Taylor, Richard E. Skarda and Charles H. Little, the owners thereof, said building located at 700 S. Enota Drive, Gainesville, Hall County, Georgia." Based on Dr. Skarda's testimony that the true owner of the building was a corporation comprised of the above-named individuals (of which Skarda was president), defendant asserts a fatal variance between the allegata and probata as to ownership of the premises in question.

Even assuming that the indictment, naming certain individuals as owners of the premises, varied with the evidence presented at trial showing ownership of the premises in a corporation comprised of these same individuals, we refuse to find that such variance was fatal. See, e.g., *DePalma v. State,* 225 Ga. 465 (3) (169 SE2d 801), for a discussion of the necessary elements for a showing of fatal variance.

" 'Ownership,' as that term is used in property law, is not an essential ingredient to proving that the premises entered were 'the dwelling place of another' within the

meaning of our burglary law, Code Ann. § 26-1601. (Cit.) . . . 'All that the law require[s] (is) that the indictment should identify the dwelling broken and entered with burglarious intent, and that it should show that it was not the dwelling of the party so breaking and entering, but that it was occupied by the prosecutor.' [Cit.]" *Phillips v. State,* 152 Ga. App. 671 (1).

Skarda testified as to his ownership and occupation of the building in question and that he had given neither defendant nor his co-defendant, Michael Knowles, authority to enter the building (which also housed the Eckerd's pharmacy, which co-defendant Knowles admitted was the object of his felonious intent. See in this regard *Fambrough v. State,* 146 Ga. App. 328 (3) (246 SE2d 384)). The fact that other owners or occupants of the building did not similarly testify that defendant was not granted authority, by them, to enter the building does not present grounds for reversal.

"[T]he state having proven by the testimony of a lawful occupant and part owner [Dr. Richard Skarda], that defendant lacked authority to enter [the premises], the evidence was sufficient to allow the case to go to the jury for decision where the defendant did not offer to show that entry was made with the authority of the other part owner[s] and occupant[s]." *Wooten v. State,* 145 Ga. App. 743 (2), 745 (245 SE2d 34).

2. In several related enumerations, defendant asserts error in the admission of testimony placing his character in issue.

A. Defendant submits that the court erred in allowing the state to question him concerning his knowledge of a prior burglary of an Eckerd's pharmacy, in the same area and allegedly committed on the previous night, on the grounds that such questioning impermissibly inferred his participation in an independent crime.

Since such testimony was elicited for the purpose of impeaching the defendant's testimony that he had not been to Gainesville for two years and did not know of his co-defendant's intent to commit a burglary, the court did not err in allowing the state to question defendant's knowledge of that burglary. In contravention of such

testimony, the state alleged that it was prepared to show, and indeed did later produce, evidence connecting defendant with the commission of the prior burglary via the testimony of co-defendant Knowles.

Any error the court may have made in permitting the state, before Knowles' testimony, to examine the defendant concerning the alleged prior burglary was cured with the admission of the later conflicting testimony of co-defendant Knowles, impeaching defendant's testimony. See *Hale v. State,* 50 Ga. App. 99 (2) (176 SE 919).

Moreover, in view of the similarities between the two alleged burglaries (occurring within a short time of one another at approximately the same locale, both involving Eckerd pharmacies), evidence of the independent prior crime was admissible for the purpose of showing common motive, plan or scheme. *Hampton v. State,* 238 Ga. 608, 609 (234 SE2d 521). See also *Hopkins v. State,* 144 Ga. App. 663 (242 SE2d 325). The fact that defendant was not arrested and charged with the commission of the independent crime does not render evidence of the commission of such crime inadmissible. See, e.g., *Hopkins,* supra; *Allanson v. State,* 235 Ga. 584 (1) (221 SE2d 3).

B. We similarly refuse to find that the court's failure to declare a mistrial following purportedly improper statements by the prosecutor (allegedly impermissibly putting the defendant's character in issue) constitutes reversible error.

Giving reasons therefor, the court instructed the jury to disregard the complained of remarks, further instructing the jury to consider certain evidence only for the limited purpose of determining credibility, not as evidence of general bad character.

"The extent of a rebuke and instruction is within the discretion of the court, and when, as here, the improper remark is cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial. [Cits.]" *Benefield v. State,* 140 Ga. App. 727 (3) (232 SE2d 89). See also *Patterson v. State,* 239 Ga. 409 (2) (238 SE2d 2).

3. The state objected to defense counsel's closing

remarks wherein counsel for the defense endeavored to list for the jury what he considered were co-defendant Knowles' reasons for testifying against the defendant, although defendant had objected to the prosecuting attorney's examination of Knowles on precisely this same issue at trial, which objection was sustained by the court. In response to the state's objection, the court instructed the jury as follows: "Members of the jury, again, you will base your verdict on the evidence as you recall the evidence in the case, and on what you consider to be reasonable inferences drawn from the evidence submitted. If either attorney makes a statement inconsistent with your own recollection as to what the evidence is, or seeks to draw an inference you consider is either unreasonable or not based on evidence, you would disregard that."

We fail to see how such instructions deprived defense counsel of his opportunity to make an effective argument on defendant's behalf. The court merely instructed the jury, correctly, that it was their duty to draw their own reasonable inferences from the testimony presented at trial, and that they should not allow counsel to impose counsel's recollections of the evidence and interpretations of the evidence upon them. We find no merit in defendant's contentions of error in regard to such instructions.

4. Defendant complains of the court's failure without request, to charge the law of mistake of fact. Code Ann. § 26-705. Defendant submits that inasmuch as he presented evidence at trial showing that he was not a knowing accomplice to the crime of attempted burglary (in that he was under the misimpression that Knowles was hired to work on the pharmacy's burglar alarm system, and thus unaware of Knowles' true unlawful intent), the court's failure to charge mistake of fact, even absent request, constituted reversible error.

We agree. "In view of the time (late at night) and many other factors the jury was authorized to find such story incredible. Nevertheless, it was the defendant's sole defense and excuse. Hence, the failure to give a charge on the subject, even without request, was error. [Cits.]" *Henderson v. State,* 141 Ga. App. 430 (4) (233 SE2d 505).

The trial court having, by its failure to charge on Code Ann. § 26-705, withheld from the jury consideration of defendant's sole defense, the conviction must be reversed.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED MARCH 5, 1980.

*Paul S. Weiner,* for appellant.

*Jeff C. Wayne, District Attorney, Robert Statham, Assistant District Attorney,* for appellee.