## 60117. WALKER v. THE STATE.

SMITH, Judge.

Wilbur Walker appeals his conviction on five counts of theft by taking. We affirm.

1. Prior to trial appellant filed a motion in limine[1] which requested that the trial court prohibit the introduction of certain testimony, to wit: (a) testimony concerning instances of shortages or

---

[1] See *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284 (1) (260 SE2d 20) (1979).

missing deposits other than those charged in the indictment, and (b) testimony concerning appellant's gambling at dog races in Florida. The trial court overruled this motion.

(a) An audit of the office of the clerk of the municipal court of Warner Robins showed approximately $21,000 missing, either from deposits not having been made or from records having been altered as to funds received. Appellant, a Warner Robins police captain, served as clerk for the period of time covered by the audit and was indicted on five counts of converting funds received by the municipal court in payment of fines to his own use. Although $21,000 was discovered missing, appellant was only charged with having failed to deposit funds totaling slightly more than $4,000.

Appellant challenges the relevancy of the testimony relating to the missing funds for which he was not indicted and contends that such testimony was highly prejudicial as tending to have "a shocking effect on the minds of the jury." However, appellant concedes that no testimony was offered by which the prosecution sought to offer any explanation as to the outstanding $17,000. We cannot agree with appellant's contention that the jury was prejudiced against him simply because they might infer that he was somehow responsible for a missing sum of money in addition to the $4,000 he was charged with embezzling. We therefore conclude that it is highly probable that the admission of this evidence did not contribute to the judgment against appellant. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

In any event, "like criminal acts by the embezzler have been admitted to show fraudulent intent and are a well-established exception to the general rule enunciated in Code § 38-202. See *Jackson v. State,* 76 Ga. 551 (8) (1886) . . . Since the relevance of this evidence to the issues at trial outweighed its prejudicial impact, it was properly admitted. *Andrews v. State,* 143 Ga. App. 791 (2) (240 SE2d 142) (1977)." *Garrett v. State,* 147 Ga. App. 666, 670 (8) (250 SE2d 1) (1978).

(b) The evidence showed that during the three months immediately preceding the audit, appellant was frequenting a dog track near Monticello, Florida, approximately 150 miles from Warner Robins. The prosecution showed that appellant had gambled there as often as five nights per week but that he was not seen there after the audit had begun; that he was frequently seen in the company of a professional gambler; and that on several occasions he had displayed to his race track acquaintances large rolls of money which he had won. Appellant contends that this evidence of his gambling habits was irrelevant and wrongfully placed his character in issue.

"To be relevant, 'the evidence must relate to the questions being tried by the jury, and bear upon them either directly or indirectly.'

[Code § 38-201.] In the application of this rule to trials for embezzlement it has been held permissible to prove acts of extravagance on the part of the accused, the amount and sources of his income, the amount reasonably necessary to maintain himself and family in the manner in which they were maintained during the period in controversy, fraudulent practices on his part to increase his income and cover up his defalcations, and other like matters, not only on the question of intent, but also to show his bent of mind for the commission of the particular offense charged in the bill of indictment on trial." *Camp v. State,* 31 Ga. App. 737, 740-741 (7) (122 SE 249) (1924). In our view, the jury was authorized to consider the extravagance of large-scale gambling on a policeman's salary as evidence which tended to show appellant's intent, motive, plan, scheme and bent of mind. Accord, *Govatos v. State,* 116 Ga. 592 (1) (42 SE 708) (1924); *Barnett v. State,* 153 Ga. App. 590 (1) (266 SE2d 277) (1980).

Furthermore, there was no intimation that appellant's gambling activities in Florida were in any manner illegal. One of the prosecution witnesses who testified as to appellant's presence at the dog track near Monticello was a deputy sheriff who also worked as a part-time employee at the track. In view of the above, we have serious doubts as to whether appellant's gambling in Florida actually placed his character in issue at trial. In any event, since the relevance of this testimony outweighed any prejudicial impact, it was properly admitted. *Hanson v. State,* 143 Ga. App. 200 (2) (237 SE2d 699) (1977).

2. Appellant contends the evidence does not support the verdict. We cannot agree. "Questions of reasonableness generally are to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict is unsupportable as a matter of law. *Staymate v. State,* 237 Ga. 661 (1) (229 SE2d 421); *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474). The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence. [Cits.]" *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980). In our view, the evidence satisfied this standard and was such that any rational trier of fact could have found the essential elements of theft by conversion beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130 (5) (259 SE2d 71) (1979); *Castleberry v. State,* 152 Ga. App. 769 (2) (264 SE2d 239) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 6, 1980 — DECIDED DECEMBER 3, 1980 —
REHEARING DENIED DECEMBER 19, 1980 — 

*Theron Finlayson,* for appellant.
*Stephen Pace, Jr., District Attorney,* for appellee.