## 62274. JONES et al. v. SMITH.

BIRDSONG, Judge.

This is the second appearance of this litigation before this court. For a pertinent statement of the case see *Smith v. Jones,* 154 Ga. App. 629 (269 SE2d 471). Following the reversal of grant of summary judgment to Jones on a count of commercial fraud, the parties tried their cause before a jury. The only real issue presented to the jury for resolution was whether Jones had misrepresented the investment potential of a shopping center development in Kentucky and thereby falsely induced Smith to invest $22,500 in the development scheme. Smith in essence sought to establish a course of conduct over a two-year period in which Jones obtained $22,500 on the basis of promises and representations that he (Jones) knew were not true and failed either to develop the shopping center with a profit for the investors or alternatively to return his investment to Smith. Jones defended the lawsuit on the premise that all the promises he made either were true or constituted "puffing." The jury returned a verdict in favor of Smith for the $22,500 which he had invested plus $10,000 punitive damages based upon the allegedly false promises. Jones brings this appeal enumerating four alleged errors. *Held:*

1. The first three enumerations of error complain that the trial court erred in denying a motion for directed verdict at the close of Smith's case, at the close of all the evidence and in denying a motion for a judgment nov. Each of these enumerations urges that there were no false promises in that Jones' representations were all true or were no more than puffing. Jones also includes in this argument that Smith did not rely on any of the promises or assertions of the desirability of the investment to his detriment nor did Smith make any effort to ascertain the truth or falsity of any of the statements made by Jones. These are all valid legal arguments with which we have no dispute and upon which the trial court gave instructions. Contrariwise, Smith offered evidence that he was informed that financing for the development had been secured or was certain; that the center was well on its way toward development; and that several responsible tenants had signed leases or soon would sign. The true facts were that financing was not obtained, the center, though later developed, was not developed by Jones, and Jones had to sell his interest. Smith argued that Jones' overall and consistent position was that if the development was unsuccessful Smith's investment would be returned. Even when the development ran into certain problems and a purchaser had been obtained, Jones indicated the sale would generate a profit for the investors. In fact, the evidence disclosed that Jones and a co-developer took as commissions for their work at least

half of the proceeds of the sale and the other half was to be split among the investors. From the remaining half, Jones offered Smith his (Smith's) investment percentage in the project (12%) which amounted to $6,600. Thus the jury was presented by the evidence (and appropriate instructions by the trial court) whether Jones, over a period of two years, had induced Smith to part with $22,500 as an investment in various schemes which he (Jones) did not intend to develop and thereby defrauded Smith, or whether Jones acted in good faith and both Jones and Smith were the victims of the vagaries of risky business ventures.

We have examined the transcript closely to determine if there is any substantial evidence in support of the jury's verdict, for in reviewing the overruling of a motion for a directed verdict, the appropriate standard to be utilized is the "any evidence" test. *Montgomery v. Pacific &c. Co.,* 131 Ga. App. 712, 714 (206 SE2d 631). A directed verdict is proper only where there is no conflict of evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). Viewed in its totality, the evidence in this case, although strongly supportive of Jones' contentions, was indeed disputed, and it is clear that evidence strongly supportive of but not demanding, a particular verdict does not warrant a directed verdict. *E-Z Go Car Division of Textron v. Kuhlke Const. Co.,* 141 Ga. App. 711 (234 SE2d 339); *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522). We cannot say that the jury was totally unsupported in its finding that Jones fleeced Smith of his investment and never intended to return the $22,500 with which Smith parted. See *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). For the reasons stated we find no merit in the contentions that the trial court erroneously denied the motions for directed verdict or judgment nov. *Frost v. Williamson,* 239 Ga. 266, 268 (236 SE2d 615); *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2d 600); *Hill v. Hospital Authority,* 137 Ga. App. 633, 644 (224 SE2d 739).

2. In his last enumeration of error, Jones argues that the trial court erred in allowing into evidence the letter of agreement pertaining to the earliest venture wherein Jones agreed to return Smith's investment. Jones argues this was irrelevant to the venture which was involved in Kentucky and prejudiced his case. However, Smith consistently argued to the court and jury that the initial agreement was carried over into all the subsequent agreements and constituted an integral part of the false promises.

Questions of relevancy of evidence are for the court. *Hotchkiss v. Newton,* 10 Ga. 560. When facts are such that the jury, if permitted to

hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. *Walker v. Roberts,* 20 Ga. 15 (1); *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860). That the testimony objected to falls short of proving the fact sought to be established is not in itself sufficient reason for excluding it, provided that it, alone or in connection with other testimony, tends to prove the matter in issue. *Livingston v. Barnett,* 193 Ga. 640 (3a) (19 SE2d 385). Evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light on a material issue or issues is relevant. *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643). The trial court did not err in allowing the evidence of the first letter agreement as it tended to shed light on Jones' intent, course of conduct and allegedly was one inducement not only for the first investment but those that followed as well.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1981 —
REHEARING DENIED OCTOBER 23, 1981.

*D. R. Sloan, Jr., Donald B. Kuperman,* for appellants.
*R. Phillip Shinall III,* for appellee.