## 65864. CARVER v. JONES.

DEEN, Presiding Judge.

On September 25, 1979, appellee Jones entered a sales contract with appellant for the purchase of appellant's double-wide mobile home. In addition to the monthly installment payments, appellee agreed to pay all taxes, insurance, and any assessments or impositions. The sales contract also provided that should appellee fail to make any of the required payments within 30 days of the date the obligation became due, the contract would be forfeited and appellant would have the right to repossess the mobile home. In February 1981 appellant changed the locks on the mobile home, which was situated on a trailer lot rented by appellee, and this action prompted appellee to file suit seeking injunctive relief and damages for continuing trespass and harassment.

In her complaint, appellee alleged that she had made all payments and other obligations due under the contract. Appellant denied that allegation, and at trial attempted to adduce evidence that he had rightfully repossessed the mobile home because appellee had defaulted on certain payments. The jury returned a verdict for appellee for $1,000 special damages and $8,000 punitive damages.

On appeal, the appellant Carver contends that the trial court erred in charging the jury that he had the burden to prove by a preponderance of the evidence that appellee had defaulted and thereby terminated the contract. Appellee also asserts that the court erred in admitting appellee's testimony of incidents where someone had struck her mobile home late at night, of an attempted break-in, and of a burglary. *Held:*

1. OCGA § 24-4-1 (Code Ann. § 38-103) provides that "[t]he burden of proof generally lies upon the party who is asserting or affirming a fact and to the existence of whose case or defense the

proof of such fact is essential." The burden of proof is determined by the pleadings, and a defendant's denial of the plaintiff's allegations is notice to the plaintiff that he has the burden to prove them. *Whitley v. Wilson,* 90 Ga. App. 16 (81 SE2d 877) (1954). Where a defendant admits the essential facts of a plaintiff's petition but sets up other facts in justification or avoidance, an affirmative defense is presented and the defendant ordinarily has the burden of proving it. *Metro. Publishers Representatives, Inc. v. Arnsdorff,* 153 Ga. App. 877 (267 SE2d 260) (1980); *Willis v. Kemp,* 130 Ga. App. 758 (204 SE2d 486) (1974).

Appellee's cause of action, of course, depended upon her having legal right of possession of the mobile home, and she alleged that right by stating that she had fulfilled all of the obligations under the sales contract. The trial court apparently considered appellant's denial of that allegation an affirmative defense, and thus placed on appellant the burden of proving appellee's default. We conclude that the trial court, in doing so, impermissibly shifted the burden of proof to the appellant.

Appellant certainly never admitted the essential facts of appellee's complaint; indeed, his assertions and evidence attempted to negate appellee's allegation that she had performed under the sales contract. Appellant's conclusion, i.e., that he had rightfully repossessed the mobile home, was merely an affirmative statement which did not operate to shift the burden of proof to appellant because it only amounted to a denial of the crucial allegation in appellee's complaint. *Whitley v. Wilson,* supra. Appellant having raised no affirmative defense, he did not have the burden of proving by a preponderance of the evidence that the contract had terminated, and the denial of his motion for new trial, accordingly, must be reversed.

2. Appellant next contends that appellee's testimony concerning late night incidents where someone had noisily struck her mobile home, an attempted break-in, and one burglary where only her insurance documents on the mobile home were taken, was irrelevant and inadmissible because there was no demonstrated connection between appellant and those incidents. We disagree.

"When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them." *Jones v. Smith,* 160 Ga. App. 147, 148 (286 SE2d 478) (1981). Appellee alleged that appellant had harassed her in conjunction with their dispute over the mobile home, and the testimony attacked here, taken in connection with other evidence

before the jury, certainly could create the inference that appellant was responsible. If the testimony tends to prove the matter, the fact that it falls short of actually proving it does not affect the testimony's relevance. *Jones v. Smith,* supra; *Harris v. McClain,* 152 Ga. App. 447 (263 SE2d 233) (1979). Further, even where the relevancy of evidence is doubtful, it should be submitted to, and its weight determined by, the jury. *Newman v. Roberts,* 147 Ga. App. 157 (248 SE2d 217) (1978); *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439 (197 SE2d 459) (1974).

3. There is no merit to appellant's contention that the trial court erred in denying his motion for directed verdict. A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a) (Code Ann. § 81A-150); *Barber v. Atlas Concrete Pools,* 155 Ga. App. 118 (270 SE2d 471) (1980). The trial court properly submitted the case to the jury.

*Judgment reversed and case remanded for new trial. Banke and Carley, JJ., concur.*

DECIDED APRIL 5, 1983.

*Richard D. Phillips,* for appellant.
*T. Alvin Leaphart,* for appellee.