## 65909. RICEMAN v. THE STATE.

DEEN, Presiding Judge.

The appellant was found guilty of theft by deception in connection with transactions involving diamonds and other gemstones, and sentenced to four years' imprisonment. Appellant, a largely self-taught dealer in precious and semi-precious stones and *objets d'art,* became acquainted with the prosecuting witness, a Mr. Scheer, who partially as a hobby, collected such items and occasionally traded in them. After Scheer had made several purchases from the appellant, there evolved an informal arrangement whereby Scheer would advance certain sums to appellant, who was to purchase gemstones and use his connections in the gem world to resell them at a profit, which would then be split with Scheer. When in repeated instances the anticipated profitable resales failed to materialize, appellant secured further advances by giving Scheer collateral, including a stone which appellant represented as a Colombian emerald worth $75,000. Appraisals by two qualified gemologists subsequently retained by Scheer disclosed that the "emerald" was synthetic.

While this situation was developing, appellant's personal life deteriorated to the point that his wife left for California, her former home, taking the children with her. Appellant followed her there and after some months was extradited to Georgia under a criminal warrant which had been taken out by Scheer.

At trial, appellant denied that he had knowingly misrepresented the emerald and testified that his sole desire was to attain a stable financial status that would enable him to provide for his family and make restitution to Scheer. Appellant further testified that the

synthetic stone offered in evidence by the prosecution was not the same one he had given Scheer, but he adduced no substantiating evidence. He offered evidence of his good character, which the prosecution countered with evidence of behavior that would negate good character. There was also evidence regarding appellant's past business failures, and of his filing a Chapter XIII bankruptcy petition a short while before the commencement of the trial below. Appellant attempted to introduce into evidence a tape recording of a telephone conversation in which a prosecution witness allegedly made inconsistent statements pertaining to wilful misrepresentation by appellant, and also to the witness' own role in attempting to obtain restitution for Scheer. The trial court sustained the prosecution's objection on grounds of relevance and excluded the tape.

Appellant moved for a new trial on the general grounds and on appeal enumerates three errors. The first two concern alleged errors in, or omissions from, the jury instructions, and the third concerns the allegedly erroneous exclusion of the tape recording. *Held:*

1. Appellant admits that he placed his character in issue and therefore does not allege that the prosecution committed any impropriety in this respect. OCGA §§ 24-2-1, 24-2-2 (Code Ann. §§ 38-201, 38-202); *Brown v. State,* 237 Ga. 467 (228 SE2d 853) (1976). Nor does he dispute the fact that at trial he requested no jury instruction on good character as a defense. What he does contend is that the trial court on its own motion should have instructed the jury on good character as a defense, and that it was reversible error not to have done so. See, e.g., *High v. State,* 153 Ga. App. 729 (266 SE2d 364) (1980).

In support of this contention appellant cites *Seymour v. State,* 102 Ga. 803 (30 SE 263) (1897), a rape case which held that under the facts of the case the court should have given such an instruction even absent a timely request by the defendant. The courts of this state have consistently recognized the validity of a good character defense, *Swett v. State,* 242 Ga. 228 (248 SE2d 629) (1978); *Wilson v. State,* 215 Ga. 672 (113 SE2d 95) (1960), and have held that good character should be considered by court and jury. *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976). Decisions of Georgia's appellate courts subsequent to *Seymour* have distinguished the departure in that case from the general rule requiring a timely request, however, and have confined its application to "exceptional cases" like *Seymour,* in which the good character defense was the sole defense against the necessarily uncorroborated allegations of the prosecuting witness, and the state's case, apart from those allegations, was based solely on highly tenuous circumstances and was extremely weak. *Scott v. State,* 137 Ga. 337 (73 SE 575) (1911). See also, e.g., *Edwards v. State,* 235 Ga. 603 (221

SE2d 28) (1975); *Whitten v. State,* 143 Ga. App. 768 (240 SE2d 107) (1977). Moreover, Georgia courts have held that, other than in cases of the *Seymour* type, the court's failure to give an instruction on good character, absent a timely request, does not warrant a new trial. Id.; *Edwards v. State,* supra, at 605. This enumeration is therefore without merit.

2. Appellant characterizes as impermissibly burden-shifting a single paragraph of the court's instruction to the jury. The challenged instruction reads as follows: "Now ladies and gentlemen,` the defendant sets up, by his plea of not guilty and his testimony, that he is guilty of no offense. He says he did not commit the offense alleged in the indictment. If you find that to be true, then you should acquit the defendant." Appellant asserts that the clause, "If you find that to be true," places the burden of proof on the defendant rather than on the prosecution. Compare Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979); *Sewell v. State,* 238 Ga. 495, 496 (233 SE2d 187) (1977).

The court's instruction to the jury should be looked to as a whole, and if the applicable law is stated accurately and fairly, in such manner as to work no prejudice to the defendant, then this court will not consider a challenge to the wording of isolated segments. *Georgia R. v. Thomas,* 73 Ga. 350, 355 (1884). In the case *sub judice,* the trial court had given instructions on presumption of innocence, reasonable doubt, and burden of proof, and immediately following the challenged paragraph had reiterated its instructions on these points. In this context we cannot agree that the challenged statement unfairly shifted the burden of proof to the defendant. We find no merit in this enumeration.

3. We agree with appellant that the trial court erred in ruling inadmissible the tape recording of a telephone conversation between witness Argenbright and appellant's father. Provided certain criteria as to authenticity, accuracy, and completeness are met, such recordings are admissible when relevant to a material issue in the case. *Harris v. State,* 237 Ga. 718 (230 SE2d 1) (1976); *Solomon v. Edgar,* 92 Ga. App. 207 (88 SE2d 167) (1955). In the instant case the recording was played out of the jury's hearing and a determination made, through questions posed to Argenbright and appellant's father, that it was authentic, accurate, and complete. It was offered for impeachment by showing discrepancies between Argenbright's representations about certain facts made during the telephone conversation and his trial testimony regarding those same facts. Specifically, the discrepancies, as revealed by the transcript, pertained to the issues of whether appellant intended to deceive clients, and whether Argenbright's attempts to persuade appellant to

compensate Scheer were made on the latter's behalf and represented an attempt to use the criminal process to settle a private debt. Argenbright's testimony in response to questions regarding such alleged discrepancies was equivocal, neither affirming nor denying the discrepancies.

Contrary to appellee's contention, these were not merely collateral issues, and the great weight of authority holds that when the admissibility of evidence relevant to a material issue is disputed, the better practice is to admit it. *Jones v. Smith,* 160 Ga. App. 147, 148 (286 SE2d 478) (1981). *Harris v. McClain,* 152 Ga. App. 447 (263 SE2d 233) (1979). The state's objection on relevance grounds should have been overruled and the tape admitted.

In order for demonstrated error to warrant reversal of a judgment, however, prejudice to the appellant must also be shown. See, e.g., *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332) (1981); *Dill v. State,* 222 Ga. 793 (152 SE2d 741) (1966); *Walker v. State,* 156 Ga. App. 842 (275 SE2d 755) (1980). In the instant case appellant has shown no harm, and sufficient evidence was presented to authorize a jury to find appellant guilty beyond a reasonable doubt: qualified gemologists offered expert testimony regarding the synthetic stone, and evidence was presented as to arguably questionable dealings with other clients during the same time period, and as to appellant's shaky financial status. Therefore, under the test articulated in *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1977), we find it "highly probable" that exclusion of the proffered tape recording did not contribute to the determination of appellant's guilt or innocence. See *Showker v. State,* 146 Ga. App. 862 (247 SE2d 515) (1978).

*Judgment affirmed. Carley, J., concurs. Banke, J., concurs specially.*

DECIDED MAY 3, 1983 —
REHEARING DENIED JUNE 7, 1983 — 

*L. Paul Cobb, Jr., J. Richard Edwards,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.

BANKE, Judge, concurring specially.
I agree with the judgment of affirmance and everything that is said in the opinion except as to Division 2. In my view, regardless of the context in which the quoted charge is considered, such charge does not unfairly shift the burden of proof.