## 67743. STOVALL v. THE STATE.

DEEN, Presiding Judge.

As a consequence of a quarrel over whether appellant Stovall should share the veterinarian's bill for treating an injury to the victim's dog which appellant was accused of having inflicted, appellant emptied a revolver at the victim, slightly wounding him in the leg and damaging his automobile in the amount of $300. Stovall was convicted of aggravated assault and received a ten-year prison sentence, with two and one-half years to serve and the balance on probation. He was also required to make restitution in the amount of the victim's medical and automobile repair bills.

Stovall appeals from this judgment, enumerating seven errors, as follows: the court's alleged refusal to permit defense counsel to proffer certain testimony; the admission of certain state's evidence over objection that no proper foundation had been laid; the overruling of appellant's objection to testimony offered in rebuttal to impeachment of the victim; the court's refusal to give a certain jury instruction requested by defense counsel; and three enumerations having to do with the state's presentation of a witness whose testimony was discovered to pertain not to appellant but to another person with the same name. *Held:*

1. Scrutiny of the transcript discloses that neither of appellant's first two assignments of error has any basis in fact. Contrary to appellant's assertion, defense counsel was permitted to proffer the testimony to which his first enumeration adverts. Counsel persisted in phrasing his questions in an impermissible manner, and as soon as he succeeded in achieving the proper phrasing, the testimony was allowed in. The transcript further reveals that the state had laid a proper foundation for admission of bullet fragments found imbedded in the victim's automobile after appellant had admittedly fired six shots in the direction of the automobile. Moreover, defense counsel gave no indication of what a proper foundation should have been. "Objection on the ground of a lack of proper foundation without stating what the proper foundation should be has repeatedly been

held insufficient and presents nothing for consideration on review." *Dillard v. State,* 128 Ga. App. 747 (197 SE2d 924) (1973). These two enumerations are without merit.

2. Likewise without merit is the third enumeration. "Where counsel for one party for the purpose of impeaching the opposing party, who was on the stand as a witness caused [him] to testify that [he] had pleaded guilty to a charge . . ., it was competent in rebuttal of such fact to show the reason why [he] entered that plea." *Thorpe v. Wray,* 68 Ga. 359, 360 (1882); *Utzman v. Srochi,* 127 Ga. App. 294 (193 SE2d 195) (1972).

3. Appellant's fourth, fifth, and sixth enumerations center upon the state's calling as a witness a deputy sheriff to whom, several months previously to the incident that precipitated the instant case, one Freddie Stovall had admitted committing an aggravated assault. The purpose of the testimony, of course, was to show the existence of a common motive, plan, or scheme. *High v. State,* 153 Ga. App. 729 (266 SE2d 364) (1980); *Hampton v. State,* 238 Ga. 608 (234 SE2d 521) (1977). The record shows, however, that after the witness had testified, it was discovered that the Freddie Stovall who had confessed to the deputy sheriff was not appellant at all, but another, unrelated, person who coincidentally had the same name. The prosecuting attorney thereupon acknowledged the state's error in open court and apologized to the court, the defendant, and the jury, and requested that the court instruct the jury to disregard the testimony. The court immediately gave curative instructions, reiterating to the jury that a person with the same name had been mistakenly identified as the defendant, and several times over admonishing the jurors to "disregard," "forget," and "not consider" the deputy sheriff's testimony.

Careful scrutiny of the record convinces us that this regrettable incident, fraught with potential harm as it certainly was, does not in the instant case rise to the level of reversible error. The court's prompt, full, and clear instructions were adequate to the situation and obviated the necessity that might otherwise have existed for declaring a mistrial. "The extent of a . . . [corrective] instruction is within the discretion of the court, and when, as here, the [impropriety] is cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial." *Benefield v. State,* 140 Ga. App. 727, 730 (232 SE2d 89) (1976); cited in *High v. State,* supra at 731. See also *Patterson v. State,* 239 Ga. 409 (238 SE2d 2) (1977). We find it highly probable that the mistaken testimony, in the light of the prompt corrective action, did not contribute to appellant's conviction. *Johnson v. State,* 238 Ga. 59 (230

SE2d 869) (1977); *Showker v. State,* 146 Ga. App. 862 (247 SE2d 515) (1978). Pretermitting consideration of any prejudicial effect that might possibly have resulted from the inappropriate testimony, we find sufficient evidence to authorize a reasonable trier of fact to find the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980). This enumeration, too, is without merit.

4. The final enumeration concerns the following omitted jury instruction: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." OCGA § 16-2-2 (Code Ann. § 26-602). The court is required to charge on any properly requested jury instruction that is authorized by the facts of the case. *DeBerry v. State,* 241 Ga. 204 (243 SE2d 864) (1978). Under no reasonable reading of the facts of the instant case, together with reasonable inferences therefrom, would a jury instruction on accident or misfortune be authorized. Appellant acknowledges that he intentionally discharged his gun in the direction of the victim, and that one of the bullets actually struck him. His insistence that he did not intend to harm anyone and that, in fact, he "shot in the ground," is of no significance in the face of relevant law. "Deliberately firing a gun in the direction of a human being . . . raises no issue of accident or misfortune when the charge is aggravated assault." *DeBerry v. State,* supra at 207. This enumeration is also without merit.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1984.

*John N. Crudup,* for appellant.
*Bruce L. Udolf, District Attorney, Donald T. Hunt, Assistant District Attorney,* for appellee.