69250, 69251. ALLMOND v. WALKER; and vice versa.
(324 SE2d 812)

McMurray, Chief Judge.

This is an action for conversion. In 1970 or 1971 plaintiff Walker purchased a homemade, flatbed trailer. On February 18, 1980, plaintiff's trailer was stolen. Plaintiff described his trailer (to police shortly after the theft and again over four years later at trial) as being 12 feet wide and 30 to 32 feet long.

Approximately a year after the theft plaintiff received information that a trailer which might be his was located at a wrecking yard operated by defendant Allmond. Plaintiff went to defendant's place of business where he saw a trailer which he identified as his stolen trailer.

Subsequently, plaintiff filed this action. At trial the verdict was directed in favor of defendant as to plaintiff's claim for punitive damages and attorney fees. A directed verdict was granted in favor of plaintiff and against defendant as to the issues of title to the trailer and liability for the hire or rental value of the trailer. The jury returned a verdict of $25,000 and the trial court entered its judgment for $25,000 and provided that plaintiffs recover the trailer from defendant. Defendant appeals and plaintiff cross-appeals. *Held:*

1. Defendant enumerates as error the trial court's direction of the verdict on the issues of title to the trailer and liability for rental payments or hire. "In Georgia, the standard used to review the grant or denial of a directed verdict is the 'any evidence' test. *Speir v. Williams*, 146 Ga. App. 880 (247 SE2d 549) (1978)." *Dept. of Human*

*Resources v. Montgomery*, 248 Ga. 465, 466 (284 SE2d 263). "A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a) (Code Ann. § 81A-150); *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118 (270 SE2d 471) (1980)." *Carver v. Jones*, 166 Ga. App. 197, 199 (3) (303 SE2d 529). Acknowledging that the record contains evidence of plaintiff's title to the trailer in defendant's possession, we address the issue of whether there is "any evidence" that the trailer in defendant's possession is not plaintiff's property.

Plaintiff's trailer was homemade and carried no serial number or other identifying marks. There is evidence that the trailer in defendant's possession is no more than 8 feet wide and 20 feet long. Plaintiff has consistently represented that his trailer is 12 feet wide and 30 or 32 feet long, or 50% larger in both dimensions than the trailer in defendant's possession. Additionally, we note that the bill of sale arising from defendant's purchase of the trailer in his possession is dated February 11, 1980, seven days prior to the theft of plaintiff's trailer. This evidence presents a genuine issue of material fact as to the identity of the trailer in defendant's possession, which should have been submitted to the jury. *Carver v. Jones*, 166 Ga. App. 197, 199 (3), supra.

The trial court erred in granting plaintiff's motion for directed verdict as to title. It necessarily follows that the grant of the directed verdict on the issue of liability for rental value or hire was also error.

2. The trial court correctly determined that the evidence in this case would not support an award of attorney fees under OCGA § 13-6-11. A bona fide dispute exists as to whether the trailer in defendant's possession is the property of plaintiff as is seen from the testimony of defendant's employee who testified in regard to receiving a letter from plaintiff's counsel: "[H]e had sent a copy of the police report. And, I looked at the report on the trailer that he had described being stolen from [sic], and it didn't match the trailer I had." The trial court did not err in granting defendant's motion for directed verdict as to attorney fees. *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218, 221 (2) (308 SE2d 564).

Nor did the trial court err in directing a verdict for the defendant as to punitive damages. There is no evidence of such wilful misconduct as would authorize punitive damages. *Southern R. Co. v. O'Bryan*, 119 Ga. 147 (45 SE 1000); *Gordon v. Ogden*, 154 Ga. App. 641 (1) (269 SE2d 499).

*Judgment reversed in Case No. 62950. Judgment affirmed in Case No. 69251. Deen, P. J., and Sognier, J., concur.*

Decided December 4, 1984.

Paul W. Calhoun, Jr., for appellant.
Robert P. Killian, for appellee.