## S90A0779. CARTER v. THE STATE.

(398 SE2d 21)

WELTNER, Justice.

John McDaniel Carter was convicted of felony murder, the underlying felony being cruelty to children. He was sentenced to life imprisonment.[1] The victim was Carter's two-month-old son, who died from multiple injuries received when his body was struck against a wall.

1. The state's theory of the case was that Carter deliberately and maliciously struck his child's head against a wall during a heated argument with the child's mother. The evidence was sufficient to authorize a rational trier of fact to find Carter guilty of the offense of cruelty to children, and hence of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Carter's theory of the case was that the injuries to the child were the accidental product of an argument between Carter and the child's mother arising over where the child was to spend the night. He contends that the charge he requested on the offense of reckless conduct would provide the underlying misdemeanor for the lesser offense of involuntary manslaughter of a felony grade. The trial court's refusal to give a charge on reckless conduct is enumerated as error.

3. The record reveals the following:

(a) Carter made written requests for charges relating to the definition of a crime, the effect of accident upon guilt, the definition of criminal negligence, and involuntary manslaughter. Additionally, he requested in writing that the court charge concerning reckless conduct in the terms of OCGA § 16-5-60 (b).[2]

(b) In the presence of the jury, and before closing arguments, the following colloquy ensued:

The Court: All right, let it be understood, gentlemen, let you understand, that the Court will charge as to murder, malice murder, and the Court will charge as to felony murder. The Court will charge as to involuntary manslaughter in the commission of an unlawful act, and the Court will charge as to

---

[1] The crimes were committed on April 8, 1989. Carter was indicted on June 13, 1989, and was convicted and sentenced on September 19, 1989. A motion for new trial was filed on October 17, 1989, and denied on March 5, 1990. This appeal was docketed in the Court of Appeals on March 7, 1990, transferred to this court on March 15, 1990, and submitted for decision on May 4, 1990.

[2] The Code section provides:

A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

cruelty to children.

[Prosecutor]: What is the misdemeanor?

The Court: The misdemeanor insofar as involuntary manslaughter and commission of an unlawful act is concerned would be simple battery and/or simple assault. Understood?

[Prosecutor]: Yes, sir.

The Court: All right. Then, [defense counsel], you have the opening and concluding argument.

[Defense counsel]: Your honor, we would waive the opening.

The Court: All right.

The record is silent as to any exception or objection to the court's announcement.

(c) After the charge to the jury, and before it retired to deliberate, the record discloses that the trial judge stated, "Let me see both counsel," after which the prosecutor and defense counsel engaged in a discussion with the court. The content of that discussion is not preserved.

4. Carter's testimony as to the incident leading to the death of the child appears in the records as follows:

A: And then she snatched him away from me like that, and then I pulled him, and then she turned him a loose and then his head hit the wall. . . .

A: And then I grabbed him. . . .

A: I tried to take him from her; and when I pulled him, she turned him loose.

A: And then when I pulled him — when I pulled him and swung around with him, his head hit the fireplace.

5. The record reflects that, following the charge on accident, the trial court instructed the jury as follows:

I charge you that criminal negligence is defined as reckless conduct such as shows an indifference to the injurious result of the negligent acts, an indifference to the safety of others and the lack of consideration for their welfare.

6. Examining the entire charge in light of procedural events and the evidence in this case — which is overpowering as to Carter's guilt — the failure to give the requested charge in the exact form requested was not harmful error, as it is highly probable that any error did *not* contribute to the verdict in the case. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 29, 1990.

*Knox & Knox, Robert E. Knox, W. Bryant Swan, Jr.,* for appellant.

*Dennis C. Sanders, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.