S97A1267. JACKSON v. THE STATE.
(490 SE2d 84)

BENHAM, Chief Justice.

This appeal is from Antonio Derrick Jackson's conviction of mur-

der and armed robbery.[1] In a statement introduced at trial, Jackson told police officers that Randale Hill, the victim, showed Jackson where someone had hidden some marijuana, that they argued about how much of it Jackson could take, and that Jackson shot Hill six times and took $92 from his pocket. Three witnesses testified that Jackson told them about the killing and that he had the murder weapon. One of those witnesses showed the body to police officers. Hill's body was decomposed to such an extent that only one wound was evident, a shot to the face, which corroborated Jackson's statement to witness Whitehead that he had shot Hill in the face.

1. The evidence summarized above was sufficient to authorize a rational trier of fact to find Jackson guilty beyond a reasonable doubt of murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Green v. State*, 266 Ga. 237 (1) (466 SE2d 577) (1996).

2. One of the witnesses who swore that Jackson told him about the murder testified that he had initially told the police he knew nothing of the victim's death, but later changed that story and implicated Jackson. When the witness was asked by defense counsel whether he had been given a polygraph test, the trial court sustained the State's objection to the question. Jackson contends on appeal that the trial court erred in so limiting his cross-examination of the witness, contending that evidence that the witness had changed his story after taking a polygraph examination was admissible to explain the witness's conduct in changing his story. In *Newberry v. State*, 260 Ga. 416 (3) (395 SE2d 813) (1990), this Court found no error in the admission of evidence at the State's behest that several witnesses changed their testimony after being administered polygraph examinations. We agree with Jackson that if he desired to demonstrate that the witness implicated Jackson only after taking a polygraph examination, he should have been given that opportunity. Nothing in the rationale of *Newberry* limits its application to the State.

However, error does not require reversal unless there is harm resulting from it. *Mobley v. State*, 265 Ga. 292 (4) (455 SE2d 61) (1995). Just as the evidence in *Newberry* that witnesses had taken polygraph examinations bolstered the State's case by explaining why

---

[1] The crimes were committed on May 8, 1995, and Jackson was indicted on October 23, 1995, for malice murder, felony murder (two counts, with armed robbery and aggravated assault as underlying felonies), armed robbery, and aggravated assault. A jury trial conducted on February 26-28, 1996, resulted in a verdict of guilty on each count. The trial court sentenced Jackson to life imprisonment for malice murder and a consecutive term of life imprisonment for armed robbery. Jackson's motion for new trial, filed on March 28, 1996, and amended on March 14, 1997, was denied on March 19, 1997. His notice of appeal was filed on April 3, 1997, and the case was docketed in this Court on April 30, 1997, and was submitted for decision on the briefs.

witnesses who had initially given statements not implicating New-berry changed their statements and implicated him, the evidence Jackson sought to elicit here would have bolstered the State's case by explaining why a witness who initially stated he knew nothing of the victim's killing changed that statement and implicated Jackson. Under those circumstances, we find it highly probable that the error did not contribute to the verdict and was, therefore, harmless. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Noel G. Perry,* for appellant.

*C. Paul Bowden, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.